1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9   WILLIAM T. WHITMAN, individually and on
    behalf of all others similarly situated,
10
              Plaintiff,                          NO.
11
          v.                                      **CLASS ACTION COMPLAINT**
12
    STATE FARM LIFE INSURANCE                     JURY DEMAND
13  COMPANY, an Illinois corporation,

14            Defendant.

15                    **CLASS ACTION COMPLAINT**

16      Plaintiff William T. Whitman ("Plaintiff"), individually and on behalf of all others

17   similarly situated, for his Class Action Complaint against Defendant State Farm Life Insurance

18   Company ("Defendant" or "State Farm"), states and alleges as follows:

19                         **INTRODUCTION**

20      1.      This is a class action for breach of contract and conversion to recover amounts

21   that Defendant charged and collected from Plaintiff and members of a class of life insurance

22   policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's

23   claims and those of the proposed class are exclusively supported by the explicit provisions of

CLASS ACTION COMPLAINT - 1

1  their life insurance policies and are not derived from any alleged conversations had, or documents

2  reviewed, at the time of sale.

3      2.      The terms of Plaintiff's life insurance policy provide for an "Account Value"

4  consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years,

5  Defendant deducted monies from Plaintiff's Account Value in breach of his policy's terms.

6      3.      Defendant is contractually bound to deduct only those charges explicitly

7  identified and authorized by the terms of its life insurance policies, which are fully integrated

8  agreements. Defendant deducts charges from the Account Values of Plaintiff and the proposed

9  class in excess of amounts specifically permitted by their life insurance policies.

10      4.      Defendant has caused material harm to Plaintiff and the proposed class by

11  improperly draining monies they accumulated in the Account Values of their policies. Every

12  unauthorized dollar taken from policy owners is one less dollar on which policy owners earn

13  interest and one less dollar that can be: applied to pay future premiums; used to increase the death

14  benefit; used as collateral for policy loans; or withdrawn as cash.

15      5.      Plaintiff brings this case as a class action under Federal Rule of Civil Procedure

16  23, individually and as a representative of the following class of persons (the "Class): All persons

17  who own or owned a universal life policy issued by State Farm on its policy form 94030 in the

18  State of Washington.

19                         **<u>PARTIES</u>**

20      6.      Plaintiff William T. Whitman is an individual and resident of the State of New

21  Hampshire.

22

23

CLASS ACTION COMPLAINT - 2

7.      Defendant State Farm Life Insurance Company is a life insurance company organized and existing under the laws of the State of Illinois, and maintains its principal place of business in Bloomington, Illinois.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed Class contains more than 100 members. Plaintiff's claims are meaningfully connected to Washington because he purchased his policy from Defendant in Tacoma, Washington. Plaintiff continuously resided and worked in Washington while making premium payments to Defendant from January 2001 through September 2010. The policy at issue in this case bears a policy form number associated with the state of Washington and the underlying policy form was approved for sale in the state of Washington by its Office of the Insurance Commissioner. Defendant purposefully directed its activities toward Washington and Washington residents and availed itself of the privilege of conducting business in Washington by: registering with the Office of the Insurance Commissioner of the state of Washington in 1930; maintaining the state of Washington's authorization to transact insurance business in the state from the time of its registration through the present; and soliciting Washington residents, including Plaintiff, to purchase insurance policies.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District and a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this District in that, in 2001, Plaintiff was a resident of this District, visited Defendant's agent in this District, signed the application for life insurance in this

CLASS ACTION COMPLAINT - 3

1   District, made the initial premium payments in this District, and established the contract with

2   Defendant while he was a resident in this District.

3                                    **FACTUAL BACKGROUND**

4       10.    Plaintiff purchased from Defendant a flexible premium adjustable insurance

5   policy bearing the policy number LF-1853-4088, and a policy date of January 16, 2001, with

6   an initial basic amount of $500,000. A true and accurate copy of Plaintiff's policy (the "Policy")

7   is attached hereto as Exhibit A and incorporated herein by reference.

8       11.    Plaintiff has always been both the "owner" and "insured" under the Policy.

9       12.    Defendant is the effective and liable insurer of the Policy.

10      13.    The Policy is a valid and enforceable contract between Plaintiff and Defendant.

11      14.    "The [P]olicy is the entire contract," and it consists of "the Basic Plan, any

12  amendments, endorsements, and riders, and a copy of the application." Ex. A at p. 11.

13      15.    The terms of the Policy are not subject to individual negotiation and are

14  materially the same for all policy owners. They cannot be altered by an agent's representations

15  at the time of sale.

16      16.    The Policy provides that, "[o]nly an officer has the right to change this policy.

17  No agent has the authority to change the policy or to waive any of its terms. All endorsements,

18  amendments, and riders must be signed by an officer to be valid." Ex. A at p. 11.

19      17.    Defendant administered and currently administers all aspects of the Policy, and

20  all policies that fall within the Class definition set forth above (together, the "Policies"),

21  including collecting premiums, and setting, assessing and deducting policy charges.

22      18.    In addition to a death benefit, the Policies provide policy owners a savings, or

23  interest-bearing, component that is identified in the Policies as the "Account Value."

CLASS ACTION COMPLAINT - 4

19.     Generally speaking, premium dollars are deposited into the Account Value, from which Defendant deducts those monthly charges authorized by the terms of the Policies. The Account Value earns interest as provided by the Policies.

20.     The money that makes up the Account Value is the property of the policy owner and is held in trust by Defendant.

21.     Under the express terms of the Policies, a "premium expense charge" is taken from each premium payment in the amount of 5% of each premium paid. Ex. A at p. 3.

22.     The Account Value is equal to 95% of the initial premium less the monthly deduction for the first policy month, and thereafter:

The account value on any deduction date after the policy date is the account value on the prior deduction date:
 (1) plus 95% of any premiums received since the prior deduction date,
 (2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,
 (3) less any withdrawals since the prior deduction date,
 (4) less the current monthly deduction,
 (5) plus any dividend paid and added to the account value on the current deduction date, and
 (6) plus any interest accrued since the prior deduction date.
The account value on any other date is the account value on the prior deduction date:
 (1) plus 95% of any premiums received since the prior deduction date,
 (2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,
 (3) less any withdrawals since the prior deduction date, and
 (4) plus any interest accrued since the prior deduction date.

Ex. A at p. 9.

23.     The "Policy Date" is "[t]he effective date of this Policy," and the "Deduction Date" is "[t]he policy date and each monthly anniversary of the policy date." Ex. A at p. 5.

CLASS ACTION COMPLAINT - 5

1    Therefore, the Deduction Date under Plaintiff's Policy is the 16th of each month. Ex. A. at p.

2    3.

3    24.    Defendant may access and withdraw funds from the Account Value only as

4    expressly authorized by the Policies.

5    25.    The Policies expressly define the specific charges that Defendant may assess

6    and deduct from a given policy owner's premium payments and the accumulated Account

7    Value. Defendant may deduct only those charges allowed by the Policies.

8    26.    The Policies authorize Defendant to take a "Monthly Deduction" from the

9    policy owner's Account Value each month. Ex. A at p. 9.

10    27.    The Policies expressly define the Monthly Deduction as follows:

11    **Monthly Deduction.** This deduction is made each month, whether or not
premiums are paid, as long as the cash surrender value is enough to cover that
12    monthly deduction. Each deduction includes:
(1)    the cost of insurance,
13    (2)    the monthly charges for any riders, and
(3)    the monthly expense charge.

14

15    Ex. A at p. 9.

16    28.    The Policies state that the monthly expense charge ("Expense Charge") is $5.00.

Ex. A at p. 3.
17

18    29.    The Policies also expressly define how the charge for the monthly "Cost of

19    Insurance" ("Cost of Insurance Charge") is determined and calculated:

20    **Cost of Insurance.** This cost is calculated each month. The cost is determined separately
for the Initial Basic Amount and each increase in Basic Amount.

21    The cost of insurance is the monthly cost of insurance times the difference between (1)
and (2), where:
22    (1) is the amount of insurance on the deduction date at the start of the month divided
by 1.0032737, and

23

CLASS ACTION COMPLAINT - 6

(2) is the account value on the deduction date at the start of the month before the cost of insurance and the monthly charge for any waiver of monthly deduction benefit rider are deducted.

Until the account value exceeds the Initial Basic Amount, the account value is part of the Initial Basic Amount. Once the account value exceeds that amount, if there have been any increases in Basic Amount, the excess will be part of the increases in order in which the increases occurred.

Ex. A at p. 10.

30.     The Policies specify the factors Defendant may use to determine "Monthly Cost of Insurance Rates," which are used to calculate the Cost of Insurance Charge that is deducted from the Account Value each month:

**Monthly Cost of Insurance Rates.** These rates for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class. A rate class will be determined for the Initial Basic Amount and for each increase. The rates shown on page 4 are the maximum monthly cost of insurance rates for the Initial Basic Amount. Maximum monthly cost of insurance rates will be provided for each increase in the Basic Amount. We can charge rates lower than those shown. Such rates can be adjusted for projected changes in mortality but cannot exceed the maximum monthly cost of insurance rates. Such adjustments cannot be made more than once a calendar year.

Ex. A at p. 10.

31.     Defendant admits that a rate "based on" factors explicitly identified in the Policies must be determined using only those factors identified and no other unidentified factors. *See Alleman v. State Farm Life Ins. Co.*, 334 F. Appx. 470, 472 (3rd Cir. 2009) (affirming summary judgment in State Farm's favor and rejecting plaintiff insured's argument that a provision in the life insurance policy stating a charge would be "*based on the Insured's age last birthday and sex*" should be read to include other undisclosed factors, because "[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate ….") (emphasis added).

CLASS ACTION COMPLAINT - 7

32.     Thus, under the explicit terms of the Policies, Defendant is authorized to determine Monthly Cost of Insurance Rates for each policy year using only the Insured's age, sex, applicable rate class, and projected changes in mortality. Ex. A. at p. 10.

33.     Policy year, age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

34.     By specifically identifying policy year, age, sex, and rate class as the defining components of the Monthly Cost of Insurance Rate, the parties agreed that mortality expectations determine the Monthly Cost of Insurance Rates under the Policies, as confirmed by the additional provision that "[s]uch rates can be adjusted for projected changes in mortality." Ex. A at p. 10.

35.     Given the language of the Monthly Cost of Insurance Rates provision in the Policies, and its context in the Policies as a whole, no reasonable layperson would expect that the Policies permitted Defendant to use any factor it wanted to determine Cost of Insurance Rates for the Policies. A reasonable layperson would instead read policy year, age, sex, and rate class, in combination with the contractual limitation that rates can only be adjusted for "projected changes in mortality," to mean that only mortality expectations are used to determine Monthly Cost of Insurance Rates for the Policies.

36.     The Policies authorize Defendant to make periodic deductions from policy owners' Account Values including, specifically, Cost of Insurance Charges that are calculated using rates that Defendant must determine based on specified factors, and that can be adjusted for projected changes in mortality.

CLASS ACTION COMPLAINT - 8

37.     The Policies also disclose a premium expense charge as well as a separate, monthly expense charge within the Monthly Deduction that Defendant set at a fixed amount of $5.00 per month.

38.     Although the Policies authorize Defendant to use only certain, specified factors in determining Monthly Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policies, when determining those rates, including, without limitation:

a.   Expense experience;

b.   Persistency;

c.   Taxes;

d.   Profit;

e.   Investment Earnings;

f.   Capital and reserve requirements, and

g.   Other unspecified factors.

39.     By loading these factors in Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policies and, as a result, withdraws Cost of Insurance Charges from policy owner Account Values in amounts greater than what is permitted by the Policies.

40.     By loading unauthorized factors in Monthly Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies and impermissibly inflates those rates.

41.     As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged, and those damages are continuing in nature in that Defendant deducted and will continue to deduct unauthorized Cost of Insurance Charges from policy owners' Account Values.

CLASS ACTION COMPLAINT - 9

42.     By loading expense factors in Monthly Cost of Insurance Rates, Defendant repeatedly and continuously breaches the Policies by impermissibly deducting from the Account Values of Plaintiff and the Class amounts in excess of the fixed expense charges expressly authorized by the Policies.

43.     As a direct and proximate result of Defendant's breaches, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses, including without limitation, maintenance, administrative, and other expenses, from the Account Values of Plaintiff and the Class in amounts not authorized by the Policies.

44.     The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from their Account Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policies. The Monthly Cost of Insurance Rates used to calculate the monthly Cost of Insurance Charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

45.     Defendant was aware that Plaintiff and each member of the Class did not know about the improper deductions because of Defendant's superior knowledge of the aforementioned computations. Defendant sent Plaintiff annual statements that identified each month's Cost of Insurance Charge while affirmatively concealing the factors Defendant used to calculate the Cost of Insurance Rates. Despite reasonable diligence on his part, Plaintiff was kept ignorant by

CLASS ACTION COMPLAINT - 10

1  Defendant of the factual bases for these claims for relief. Defendant's withholding of material

2  facts concealed these claims and tolled all applicable statutes of limitation.

3       46.    Plaintiff reasonably relied to his detriment on Defendant's fraudulent concealment

4  of its misconduct and material omission of the factors actually used to calculate the deductions

5  from his Account Value. As a result of such concealment, Plaintiff did not believe that it was

6  necessary to file a lawsuit. Plaintiff did not discover, and exercising reasonable diligence could

7  not have discovered, the facts establishing Defendant's continuing breaches or the harm caused

8  thereby. Plaintiff did not learn of Defendant's continuing breaches of the Policy supporting his

9  claim until approximately May 2019, when he engaged counsel.

10      47.    Defendant is estopped from asserting a statute of limitations defense. Defendant's

11  conduct in failing to disclose the true factors it used—and continues to use— to calculate the

12  Cost of Insurance Rates misled Plaintiff and prevented him from learning the factual bases for

13  these claims for relief. Plaintiff proceeded diligently to file suit once he discovered the need to

14  proceed. Defendant's continuing breach of the Policy is ongoing.

15                              **CLASS ALLEGATIONS**

16      48.    Plaintiff brings this lawsuit under Fed. R. Civ. P. 23, individually and as a

17  representative of the following Class: All persons who own or owned a universal life policy

18  issued by State Farm on its policy form 94030 in the State of Washington.

19      49.    Excluded from the Class is the Defendant, any entity in which the Defendant has

20  a controlling interest, any of the officers, directors, or employees of the Defendant, the legal

21  representatives, heirs, successors, and assigns of the Defendant, anyone employed with

22  Plaintiff's counsel's firms, any Judge to whom this case is assigned, and the Judge's immediate

23

CLASS ACTION COMPLAINT - 11

family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant uses to calculate its rates and charges.

50. Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of Federal Rule of Civil Procedure 23(a), and the requirements for class treatment under Rules 23(b)(1), (b)(2), and (b)(3).

51. The numerosity requirement is satisfied because there are thousands of Class members who are geographically dispersed, making joinder impracticable, and the disposition of Class member claims in a single action will provide a substantial benefit to all parties and to the Court.

52. Class members are ascertainable from information and records in Defendant's possession, custody, or control. Notice of this action can therefore be readily provided to the Class, via first class mail or other appropriate means, using information contained in Defendant's records.

53. Plaintiff's claims are typical of the claims of the Class, because the express terms of the Policies purchased from Defendant by Plaintiff and proposed Class members contain identical limitations on the amounts Defendant can charge under the Policies.

54. Plaintiff will fairly and adequately represent the Class because he is a member of the Class and his interests are aligned with, and do not conflict with, the interests of those he seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

55. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members, and a class action is superior to other available

CLASS ACTION COMPLAINT - 12

methods for the fair and efficient adjudication of the controversy. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

    a.   Whether Defendant is permitted by the Policies to determine its Monthly Cost of Insurance Rates using factors other than those specified in the Policies;

    b.   Whether Defendant added, included, or relied on factors not specified in the Policies when determining the Monthly Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions for the Policies;

    c.   Whether Defendant added, included, or relied on factors unrelated to its mortality expectations in determining Monthly Cost of Insurance Rates that the Policies provide are "based on" specified mortality factors and no other specified factors;

    d.   Whether Defendant is permitted by the Policies to charge expense amounts to policy owners in excess of the amounts disclosed in the Policies;

    e.   Whether Defendant charged amounts in excess of those specifically authorized by the Policies;

    f.   Whether Defendant breached the terms of the Policies;

    g.   Whether Defendant converted Class members' property;

    h.   Whether Defendant's conduct was an unfair or deceptive trade practice;

    i.   Whether Defendant's misconduct affects the public interest;

    j.   Whether the Class were injured and sustained damages as a result of Defendant's wrongful conduct;

    k.   Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's conduct; and

CLASS ACTION COMPLAINT - 13

1.    Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

56.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Class members. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of these claims. Even if Class members could afford to pursue individual litigation, the court system could not. Individualized litigation would risk inconsistent or contradictory judgments while increasing the delay and expense to all parties, and to the judicial system, from the complex legal and factual issues presented here. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

57.    Defendant has acted or refused to act on grounds generally applicable to Plaintiff and Class members, making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

## <u>COUNT I: BREACH OF CONTRACT</u>
### (Cost of Insurance Charge)

58.    The preceding paragraphs are incorporated by reference as if fully alleged herein.

59.    Plaintiff and the Class purchased life insurance policies—defined herein as the Policies—from Defendant.

60.    The Policies are valid and enforceable contracts between the Defendant and Plaintiff and Class members.

61.    Plaintiff and the Class members substantially performed their obligations under the terms of the Policies.

CLASS ACTION COMPLAINT - 14

62.     By determining Monthly Cost of Insurance Rates inconsistent with the terms of the Policies and loading unauthorized factors in Monthly Cost of Insurance Rates, Defendant impermissibly caused and continues to cause those rates to be higher than what is explicitly authorized by the Policies.

63.     Because Defendant calculates Cost of Insurance Charges inconsistent with the terms of the Policies, including using Monthly Cost of Insurance Rates that are higher than those authorized by the Policies, Defendant deducted Cost of Insurance Charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by their policies.

64.     Defendant's practice of deducting charges in amounts not authorized by the Policies constitutes a breach of the Policies.

65.     As a direct and proximate result of Defendant's ongoing and continuing breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT
### (Expense Charge)

66.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

67.     By loading Monthly Cost of Insurance Rates with undisclosed and unauthorized expenses, Defendant impermissibly deducts expenses from the Account Values of Plaintiff and the Class in amounts in excess of the fixed expense charges expressly authorized by the Policies.

68.     By deducting unauthorized expense charges from the Account Values of Plaintiff and the Class, Defendant has breached the Policies.

69.     As direct and proximate result of Defendant's ongoing and continuing breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

CLASS ACTION COMPLAINT - 15

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**COUNT III: CONVERSION**

70.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

71.     Plaintiff and the Class had a property interest in the funds Defendant deducted from their Account Values in excess of the amounts permitted by the terms of the Policies.

72.     Defendant intentionally and substantially interfered with that property interest. By deducting Cost of Insurance Charges and expense charges in unauthorized amounts from the Account Values of Plaintiff and the Class, Defendant assumed and exercised ownership over, and misappropriated or misapplied, specific funds placed in the custody of Defendant for the benefit of Plaintiff and the Class members, without authorization or consent and in hostility to the rights of Plaintiff and Class members.

73.     Defendant continues to retain these funds unlawfully. At no time did Plaintiff or any Class member consent to such wrongful retention of funds by Defendant.

74.     Defendant's wrongful exercise of control over the personal property of Plaintiff and Class members constitutes conversion.

75.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged, and these damages are continuing in nature.

76.     Although requiring expert testimony, the amounts of unauthorized Cost of Insurance Charges and expense charges Defendant took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance Charge each month to a Cost of Insurance Charge computed using a Monthly Cost of Insurance Rate determined using only the mortality factors provided for in the Policy.

77.     Defendant intended to cause damage to the Plaintiff and the Class by deducting more from their Account Values than was authorized by the Policies.

CLASS ACTION COMPLAINT - 16

78.    By reason of the foregoing, Plaintiff and Class members are entitled to recover from Defendant all damages and costs permitted by law, including all amounts Defendant wrongfully converted.

**COUNT IV: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**

79.    The preceding paragraphs are incorporated by reference as if fully alleged herein.

80.    Defendant engaged in unfair and deceptive acts or practices by deducting unauthorized expense charges from the Account Values of Plaintiff and Class Members. Defendant further engaged in unfair or deceptive acts or practices by materially failing to disclose and concealing from Plaintiff and Class Members the factors used to calculate Monthly Cost of Insurance Rates and the basis for the amounts deducted from their Account Values as Cost of Insurance Charges. Defendant alone, and not Plaintiff and Class Members, possesses the actuarial information and equations underlying the computation of rates and charges for the Policies, such that Plaintiff and Class Members were unaware of Defendants unfair and deceptive acts and practices.

81.    Defendant provides life insurance in Washington. Defendant's unfair and deceptive acts or practices therefore occurred in trade or commerce as part of its business operations.

82.    Defendant's unfair and deceptive acts and practices impact the public interest. Washington regulates the insurance industry and deems misconduct by licensed insurers to affect the public interest. Moreover, Defendant's conduct applies uniformly to individuals obtaining life insurance policies from Defendant and if action is not taken, Defendant will continue to commit such wrongful acts against present and future insureds.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

83.    Plaintiff and Class Members have been injured by Defendant's unfair and deceptive acts or practices. Plaintiff and Class Members have a property interest in their Account Values and the funds wrongfully deducted by Defendant. Defendant's wrongful conduct injured that property by reducing its value and depriving Plaintiff and Class Members of interest payments that would otherwise have accrued. This injury was caused by Defendant's deductions of Cost of Insurance Charges and expense charges in unauthorized amounts and material omissions regarding the calculation of these deductions.

84.    Plaintiff and Class Members are entitled to recover from Defendant their actual damages, treble damages, costs, and attorneys' fees.

## COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

85.    The preceding paragraphs are incorporated by reference as if fully alleged herein.

86.    An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

87.    Plaintiff contends that Defendant breached and continues to breach the Policies in the following respects:

a.   By using unauthorized and undisclosed factors to compute the Monthly Cost of Insurance Rates under the Policies, Defendant impermissibly increased Monthly Cost of Insurance Rates for the Policies and, as a result, withdraws Cost of Insurance Charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by the Policies; and

b.   By inflating Monthly Cost of Insurance Rates under the Policies with expense factors, including without limitation, maintenance, administrative, and other

CLASS ACTION COMPLAINT - 18

1                expense factors, that are not disclosed as being used to determine those rates,

2                Defendant impermissibly deducted expense charges from the Account Values of

3                Plaintiff and the Class in amounts in excess of the fixed expense charges expressly

4                authorized by the Policies.

5      88.      Plaintiff therefore seeks a declaration of the parties' respective rights and duties

6 under the Policies and requests the Court to declare the aforementioned conduct of Defendant as

7 unlawful and in material breach of the Policies so that future controversies may be avoided.

8      89.      Pursuant to a declaration of the parties' respective rights and duties under the

9 Policies, Plaintiff further seeks an injunction: (1) temporarily, preliminarily, and permanently

10 enjoining Defendant from continuing to engage in conduct in breach of the Policies, and from

11 continuing to collect unlawfully inflated charges in violation of the Policies; and (2) ordering

12 Defendant to comply with terms of the Policies in regards to its assessment of charges against

13 Plaintiff and Class members' Account Values.

14                                **<u>PRAYER FOR RELIEF</u>**

15      90.      WHEREFORE, Plaintiff, individually and on behalf of all others similarly

16 situated, requests relief as follows:

17                (a) That the Court enter an order certifying the class, appointing Plaintiff as a

18                    representative of the Class, appointing Plaintiff's counsel as Class counsel; and

19                    directing that reasonable notice of this action, as provided by Federal Rule of Civil

20                    Procedure 23(c)(2), be given to the Class;

21                (b) For a judgment against Defendant for the causes of action alleged against it;

22                (c) For compensatory damages in an amount to be proven at trial;

23                (d) For punitive and exemplary damages;

CLASS ACTION COMPLAINT - 19

1   (e) For a declaration that Defendant's conduct as alleged herein is unlawful and in

2       material breach of the Policies;

3   (f) For appropriate injunctive relief, enjoining Defendant from continuing to engage

4       in conduct related to the breach of the Policies;

5   (g) For pre-judgment and post-judgment interest at the maximum rate permitted by

6       law;

7   (h) For Plaintiff's costs incurred; and

8   (i) For such other relief in law or equity as the Court deems just and proper.

9                         **<u>DEMAND FOR JURY TRIAL</u>**

10  Plaintiff hereby demands a trial by jury of all claims so triable.

11  DATED this 30th day of October, 2019.

12                          TOUSLEY BRAIN STEPHENS PLLC

13                          By: *s/Kim D. Stephens*
                                Kim D. Stephens, P.S. WSBA #11984

14
15                          By: *s/Rebecca L. Solomon*
                                Rebecca L. Solomon, WSBA #51520

16                          1700 Seventh Avenue, Suite 2200
                            Seattle, Washington 98101
17                          Tel:      206.682.5600/Fax: 206.682.2992
                            Email:    kstephens@tousley.com
18                                    rsolomon@tousley.com

19                          John J. Schirger *(pro hac vice forthcoming)*
                            jschirger@millerschirger.com
20                          Matthew W. Lytle *(pro hac vice forthcoming)*
                            mlytle@millerschirger.com
21                          Joseph M. Feierabend *(pro hac vice forthcoming)*
                            jfeierabend@millerschirger.com
22                          MILLER SCHIRGER, LLC
                            4520 Main Street, Suite 1570
23                          Kansas City, Missouri 64111
                            Tel:      816-561-6500

CLASS ACTION COMPLAINT - 20

1          Fax:      816-561-6501

2          Norman E. Siegel (*pro hac vice forthcoming*)
           siegel@stuevesiegel.com
3          Ethan Lange (*pro hac vice forthcoming*)
           lange@stuevesiegel.com
4          Lindsay Todd Perkins (*pro hac vice forthcoming*)
           perkins@stuevesiegel.com
5          STUEVE SIEGEL HANSON LLP
           460 Nichols Road, Suite 200
6          Kansas City, Missouri 64112
           Tel:      816-714-7100
7          Fax:      816-714-7101

8          Stephen R. Basser (*pro hac vice forthcoming*)
           sbasser@barrack.com
9          BARRACK, RODOS & BACINE
           One America Plaza
10         600 West Broadway, Suite 900
           San Diego, CA 92101
11         Tel:      619-230-0800
           Fax:      619-230-1874
12
           Joseph Gentile (*pro hac vice forthcoming*)
13         joseph@sarrafgentile.com
           Ronen Sarraf (*pro hac vice forthcoming*)
14         ronen@sarrafgentile.com
           SARRAF GENTILE LLP
15         14 Bond Street #212
           Great Neck, NY 11021
16         Tel:      516-699-8890
           Fax:      516-699-8968
17
           ***Attorneys for Plaintiff, William T. Whitman***
18
           6671/001/544537.1
19

20

21

22

23

CLASS ACTION COMPLAINT - 21

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992