UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM T. WHITMAN, individually and on behalf of all others similarly situated,

        *Plaintiff*,

v.

STATE FARM LIFE INSURANCE COMPANY, an Illinois corporation,

        *Defendant*.

Case No. 3:19-cv-06025-BJR

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

# I. INTRODUCTION

Currently before the Court is Plaintiff's Motion to Compel Discovery. *See* Pl.'s Mot. to Compel; Def.'s Resp. to Mot. to Compel, Dkt. Nos. 49, 51. Having reviewed the motion, opposition thereto, the relevant legal authority, and the record of the case, the Court will grant the motion. The reasoning for the Court's decision follows.

# II. BACKGROUND

Plaintiff William T. Whitman was a policyholder of the universal life insurance policy ("Form 94030" or "the policy") administered by Defendant State Farm Life Insurance Company. He alleges that Defendant made unauthorized deductions from his life insurance policy and

concealed factors inconsistent with his policy's terms to calculate his monthly Cost of Insurance ("COI") rates in violation of Washington law. *See* Second Am. Compl. ("SAC") at ¶¶ 80, 87, Dkt. No. 38. Plaintiff filed this putative class action suit against Defendant on behalf of a class of Washington Form 94030 policy owners on October 30, 2019. *Id.* at ¶ 5. He asserts claims for breach of contract, conversion, declaratory and injunctive relief, and unfair and deceptive practices in violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq*. *Id.* at ¶¶ 58–89.

Plaintiff served Defendant with his First Request for Production of Documents on June 1, 2020. *See* Declaration of Joseph M. Feierabend ("Feierabend Decl.") at ¶ 9; Ex. 1, Dkt. Nos. 50, 50-1. This included Plaintiff's Request No. 1 ("Request No. 1"), which asks Defendant to produce "all documents, records, deposition transcripts, discovery responses, and data produced or provided by [State Farm]" in *Vogt v. State Farm Life Insurance Company*, Case No. 2:16-cv-04170-NKL (W.D. Mo.)", a nearly identical case filed by undersigned counsel against Defendant in the Western District of Missouri. *Id*. On July 13, 2020, Defendant responded to the discovery request, objecting to Request No. 1, in part, as follows:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

To the extent information produced in *Vogt* is relevant to the claims and defenses in this case and proportional to the needs of the case, State Farm will produce that information. State Farm objects to this request on the grounds that it is not reasonably specific to the claims and defenses in this matter. This case is distinct from *Vogt*, and not all information relevant to that matter is necessarily relevant to this case. State Farm further objects that information regarding Missouri policyholders, produced in *Vogt* pursuant to that Court's protective order, is private financial information of State Farm's policyholders that has no relevance to the claims and issues in this case. State Farm further objects that information produced in *Vogt* contained sensitive, competitively-valuable business information regarding State Farm's life insurance business. The information was produced in *Vogt* pursuant to an appropriate protective order and should not be produced here until an appropriate protective order is entered that preserves the confidentiality of this information. State Farm also objects to the production of the information produced in *Vogt* on the basis of the attorney-client privilege and the attorney work product to the extent applicable.

*Id.* at ¶ 10; Ex. 2 at 12–13, Dkt. No. 50-2. Defendant further stated in its response that "the prior rulings of another court do not control here" and concluded it was "withholding documents pursuant to these objections." *Id.*

The parties attempted in good faith to resolve this issue without court intervention and have both submitted declarations describing their meetings and communications. Feierabend Decl. at ¶¶ 11, 12; Declaration of Jeremy A. Root ("Root Decl.") at ¶ 2, Dkt. No. 52. Unable to reach an agreement, Plaintiff filed the instant motion on August 6, 2020.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1); *see also Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery. FED. R. CIV. P. 37(a)(1); *see also Lim v. Franciscan Health Systems*, 2006 WL 3544605, at *1 (W.D. Wash. Dec. 8, 2006). The Court has broad discretion to decide whether to compel disclosure of discovery. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The Ninth Circuit has held that there are "liberal discovery principles" under the Federal Rules and that the party resisting discovery thus carries a "heavy burden of showing" why a request for discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Gilson v. Evergreen at Talbot Rd. L.L.C.*, No.

3

04-02126, 2005 WL 3841864, at *2 (W.D. Wash. Nov. 1, 2005).

## IV. DISCUSSION

Defendant objects to Plaintiff's Motion to Compel on two grounds. First, it charges that Plaintiff's Request No. 1 is not "tailored to the claims, defenses and needs of [this] particular case" and "improperly seeks to 'piggyback' on other litigation" discovery produced in the Western District of Missouri case *Vogt v. State Farm Life Ins. Co*." Def.'s Resp. to Mot. to Compel at 1. Defendant next claims that "Plaintiff's request for **all** documents produced by State Farm in *Vogt* does not satisfy his discovery obligation to identify specifically the categories of documents he seeks." *Id.* at 7. Defendant identifies categories of documents from the *Vogt* production that it considers inappropriate in this case. *Id.* at 7–9. The Court will address each argument in turn.

### A. The *Vogt* Production is Relevant

Defendant urges this Court to deny the motion to compel contending that Plaintiff fails to show that all the materials from the *Vogt* production are relevant to the instant litigation. Def.'s Resp. to Mot. to Compel at 3. Defendant alleges that Plaintiff's request "is a textbook example of an improper 'cloned' request." *Id.* at 4. Plaintiff counters that the *Vogt* discovery materials are relevant because *Vogt* is a virtually identical class action involving the same defendant, the same policy form, the same claims, and the same alleged wrongful conduct alleged in the instant action. Pl.'s Mot. to Compel at 8–9.

The Court finds Defendant's "cloned request" argument unpersuasive. All of the cases cited by Defendant involved pending and prior lawsuits that were factually and legally distinct. *See Wollam v. Wright Med. Grp., Inc*., No. 10-03104, 2011 WL 1899774, at *1–2 (D. Colo. May 18, 2011) (request for documents produced in all legal actions taken worldwide over the last decade against the defendant with only a single similarity of its allegedly defective product); *see also Midwest Gas Services, Inc. v. Indiana. Gas Co*., No. 99-690, 2000 WL 760700, at *1 (S.D. Ind.

Mar. 7, 2000) (request for all documents ever received or produced to the United States Department of Justice, where there was no showing that the documents were relevant or related to the pending case).

In contrast, the instant lawsuit and *Vogt* have significant factual and legal overlap, with both suits against the same defendant asserting almost identical claims based on the same alleged misconduct. Both the instant suit and *Vogt* assert identical claims of breach of contract, conversion, and declaratory and injunctive relief based on Defendant's alleged wrongful conduct in overcharging his account and loading unauthorized factors into his plan's rates in a manner inconsistent with the terms of his policy.[1] *See Vogt*, 963 F.3d at 761. Thus, the cases are sufficiently related to not constitute "cloned requests." *See Bally v. State Farm Life Ins. Co.*, No. 18-04954 (N.D. Cal. Feb. 22, 2019), Dkt. No. 59 (rejecting State Farm's argument that identical action filed by undersigned counsel was a "cloned discovery request" and ruling that "applicable discovery and testimony obtained in *Vogt* [. . .] may be used in this litigation"). Given the similarities in the *Vogt* and instant case, the Court concludes that Plaintiff has met his burden in showing that the *Vogt* production is relevant.

**B. Plaintiff's Request is Not Overbroad or Unduly Burdensome**

Defendant's second argument, that Plaintiff's request is overbroad, also fails because producing the *Vogt* materials will not be unduly burdensome or costly. *See* FED. R. CIV. P. 26(b)(2)(B) ("On motion to compel discovery [. . .]. the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.").

---

[1] Plaintiff brings one additional claim against Defendant under state law for engaging in unfair and deceptive practices in violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq. See* SAC at ¶¶ 79–84. The other difference between the instant ligation and *Vogt* is that *Vogt* sought to certify a class made up only of individuals who purchased Defendant's Form 94030 in Missouri, rather than in Washington state. *Id.* at ¶ 5.

Plaintiff seeks to compel the same documents already produced to undersigned counsel and already in Plaintiff counsel's possession. The Court expects that the parties will enter into a stipulated protective order as they have previously done in *Vogt* and *Bally* to address concerns regarding the disclosure and use of any confidential or proprietary information produced in this case.

Defendant identifies "categories of documents from the *Vogt* production that [it considers] inappropriate in this case." Def.'s Resp. to Mot. to Compel at 7. The Court finds these objections meritless. First, Defendant objects to producing materials related to Form 86040, the predecessor policy to Form 94030. *Id*. The Court notes that the earlier form contains the same disputed policy language as in Form 94030 and is therefore relevant to this lawsuit. Next, Defendant objects that the *Vogt* materials relating to its communications with state regulators nationwide are "irrelevant to the issues in *this* case" because this suit involves a putative Washington-only state class. *Id*. at 7–8. The Court disagrees; Defendant's disclosures and responses to inquiries about Form 94030's common design, development, and pricing are relevant regardless of the regulator that received Defendant's communications. Defendant also notes that "substantial data in the *Vogt* litigation pertains exclusively to policyholders in Missouri." *Id*. at 8. The Court notes that these documents will be protected under the parties' anticipated protective order, as it was in the *Vogt* case. Similarly, the protective order should safeguard Defendant's corporate model documents and any other confidential and proprietary materials disclosed by the company.[2]

V. **CONCLUSION**

---

[2] The Court notes that Defendant also objects to privileged documents inadvertently produced in *Vogt* and subsequently clawed back, *see* Def.'s Resp. to Mot. to Compel at 8; however, these documents are no longer part of the *Vogt* production.

6

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Compel Discovery, Dkt. No. 49, and orders as follows:

(1) Defendant shall produce all the responsive materials to Plaintiff's Request No. 1; and

(2) The parties shall agree to a protective order similar to that in *Vogt* and *Bally;* and present it to the Court no later than 10 days from this order.

DATED this 15th day of September, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE