1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM T. WHITMAN, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

STATE FARM LIFE INSURANCE
COMPANY, an Illinois corporation,

Defendant.

CASE NO. 3:19-cv-06025-BJR

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO
AMEND THE CLASS
CERTIFICATION SCHEDULE AND
ENLARGE PAGE LIMITS FOR
RELATED BRIEFING

Defendant State Farm Life Insurance Company's motion (Dkt. 59) to amend this Court's

July 17, 2020 Order Setting Pre-Certification Deadlines is a thinly veiled attempt to needlessly

delay class certification proceedings.[1] State Farm contends the current schedule does not afford it

sufficient time to conduct rigorous discovery and analysis related to class certification and

---

[1] Regarding State Farm's motion to enlarge page limits, Plaintiff never agreed to State Farm's suggested enlargement of page limitations outlined in its motion, despite State Farm's assertion to the contrary. As shown in Exhibit 1 to the Root Declaration in support of State Farm's motion, State Farm requested the page extension of 35 pages for the motion for class certification and opposition, and 15 pages for the reply, not the 12 pages State Farm proposes in its motion. Additionally, according to the Court's Standing Order for all Civil Cases, "[m]otions to exceed the page limitations will be granted only when the matter is one of **extraordinary complexity**." Dkt 56. State Farm has appropriately represented that Plaintiff is amenable to State Farm's request for an enlargement of the page limits, but Plaintiff's willingness should not be construed as an admission that the motion for class certification will be "one of extraordinary complexity." *See Id*. Instead, the motion for class certification will be straightforward, as Plaintiff will request certification of a class of Washington policy owners who purchased the same standardized, form contract.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CLASS CERTIFICATION SCHEDULE - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Plaintiff's expert, Scott J. Witt. However, State Farm has an intimate familiarity with the damages

2  methodology Plaintiff will propose in this case given that Mr. Witt is the same expert offered by

3  plaintiffs in parallel litigation involving the same policy and claims in *Vogt v. State Farm Life*

4  *Insurance*, Case No. 2:16-cv-04170-NKL (W.D. Mo.) ("*Vogt*") and *Bally v. State Farm Life*

5  *Insurance Co.*, Case No. 3:18-cv-04954-CRB (N.D. Cal.) ("*Bally*"). Indeed, had the time-frame

6  for responding to a class certification motion truly been a concern, State Farm would have moved

7  for it long before one month prior to the class certification briefing deadline. Moreover, this Court

8  has previously considered and rejected State Farm's proposal of a similar scheduling structure. *See*

9  Dkt. 44 (Joint Status Report and Discovery Plan); Dkt. 45 (Minute order setting deadlines).

10  Nothing has changed to warrant this Court's reconsideration.

11                    **FACTUAL AND PROCEDURAL BACKGROUND**

12          This case is the third class action filed against State Farm on identical policies, alleging

13  nearly identical claims on behalf of members of a class of owners of policies issued in a single

14  state. The first two, *Vogt* (brought on behalf of Missouri owners) and *Bally* (brought on behalf of

15  California owners), were both certified relying on the same expert, Scott J. Witt, and his damages

16  methodology. *See Vogt*, 2018 WL 1955425, at *1 (W.D. Mo. Apr. 24, 2018), *aff'd on appeal*, *Vogt*

17  *v. State Farm Life Ins. Co.*, 963 F.3d 753, 777 (8th Cir. 2020); *Bally*, 335 F.R.D. 288 (N.D. Cal.

18  2020).[2]

19          Plaintiff has made clear that he intends to rely on the opinions and methodology of Mr.

20  Witt again in this case. Because the Court previously granted Plaintiff's motion to compel

21  production of the *Vogt* materials in this case on September 15, 2020 (Dkt. 57), the materials

22

23

---

[2] The Ninth Circuit denied State Farm's Rule 23(f) petition for permission to appeal after the district court certified the *Bally* class. *See Bally*, Case No. 3:18-cv-04954-CRB, Dkt. 134 (N.D. Cal., July 22, 2020).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CLASS CERTIFICATION SCHEDULE - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1 supporting Mr. Witt's methodology (and about which Mr. Witt has offered at least four reports

2 and been deposed by State Farm four times between *Vogt* and *Bally*) have been a part of this case

3 for at least four months.

4 **ARGUMENT**

5      Despite its familiarity with Mr. Witt's expert testimony and his damages methodology,

6 State Farm asks this Court to adopt a proposed pre-certification schedule tethered to State Farm's

7 previously proposed schedule, which this Court rejected with its July 17, 2020 order. Dkts. 44, 45.

8 State Farm contends an amendment to the schedule is necessary to ensure "enough time to provide

9 the Court with the insightful, targeted, and robust discovery, *Daubert* motion practice, and other

10 workup" required for the Court to conduct a "rigorous analysis" of class certification. Dkt. 59, pg.

11 4. However, this Court's order was entered July 17, 2020, nearly six months prior to this motion.

12 Had State Farm needed more time to conduct a more thorough analysis of Plaintiff's expert reports,

13 it would not have waited until just a month before class certification briefing is due to bring these

14 concerns to the Court's attention.[3] State Farm's timing in filing this motion indicates this is nothing

15 more than an attempt to arbitrarily push out proceedings several months for the sake of delay. After

16 four depositions, four expert declarations, two class certification motions, and one trial, all

17 involving Plaintiff's proposed expert and damages methodology to again be employed here, State

18 Farm is in no way prejudiced by complying with the current scheduling order for class certification

19 briefing.

20      Additionally, this Court has previously considered and rejected a similar pre-certification

21 schedule structure proposed by State Farm, *see* Dkt. 44, p.17, and adopted a more straightforward

22

23 [3] State Farm delayed so long in requesting an extension of the class certification schedule that it is now requesting expedited briefing on its motion. This is an issue of State Farm's own making that could have been avoided had State Farm timely sought reconsideration of the Court's scheduling order months ago when it was entered.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CLASS CERTIFICATION SCHEDULE - 3

1    schedule more closely aligned with Plaintiff's proposed structure, *see* Dkt. 45. Further,

2    Defendant's proposal to adjust class certification-related deadlines to accommodate a *Daubert*

3    motion is not necessary.[4] Had State Farm wanted the Court to consider separate deadlines for

4    *Daubert* motions during class certification briefing, it should have offered a proposal to the Court

5    in the Joint Status Report and Discovery Plan submitted six months ago. It did not. Dkt. 44.

6    Considering Plaintiff has made plain that he will rely on the expert testimony of Mr. Witt at class

7    certification, just as the plaintiffs did in *Vogt* and *Bally*, the deadlines for class certification-related

8    motions contained in the Court's scheduling order are sufficient for addressing any *Daubert*

9    motion.

10       For the same reasons, Plaintiff opposes State Farm's alternative request to arbitrarily

11   extend the deadline for State Farm to file its opposition to Plaintiff's class certification motion by

12   30 days. The extension will unnecessarily delay these proceedings and therefore be prejudicial to

13   Plaintiff and the proposed class of policy owners, and contrary to achieving "the just, speedy, and

14   inexpensive determination" of this action as provided under Fed. R. Civ. P. 1.

15                                         **<u>CONCLUSION</u>**

16       For the foregoing reasons, this Court should deny State Farm's motion to amend the class

17   certification schedule.

18       DATED this 20th day of January, 2021.

19                        TOUSLEY BRAIN STEPHENS PLLC

20                        By: *s/ Rebecca L. Solomon*
                          Rebecca L. Solomon, WSBA #51520
21                        rsoloman@tousley.com

22

23   ---

[4] In *Bally*, State Farm attempted to exclude Mr. Witt's testimony by arguing it is inadmissible under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Applying the limited *Daubert* approach utilized by the Ninth Circuit at the class certification stage, the *Bally* court denied State Farm's motion to strike Mr. Witt's testimony. *Bally*, 335 F.R.D. at 297.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CLASS CERTIFICATION SCHEDULE - 4

1    Kim D. Stephens, WSBA #11984
     kstephens@tousley.com
2    1700 Seventh Avenue, Suite 2200
     Seattle, Washington 98101
3    Tel:       206-682-5600
     Fax:       206-682-2992
4

5    John J. Schirger (*pro hac vice*)
     jschirger@millerschirger.com
6    Matthew W. Lytle (*pro hac vice*)
     mlytle@millerschirger.com
7    Joseph M. Feierabend (*pro hac vice*)
     jfeierabend@millerschirger.com
8    MILLER SCHIRGER, LLC
     4520 Main Street, Suite 1570
9    Kansas City, Missouri 64111
     Tel:       816-561-6500
10   Fax:       816-561-6501

11   Norman E. Siegel (*pro hac vice*)
     siegel@stuevesiegel.com
12   Ethan Lange (*pro hac vice*)
     lange@stuevesiegel.com
13   Lindsay Todd Perkins (*pro hac vice*)
     perkins@stuevesiegel.com
14   STUEVE SIEGEL HANSON LLP
     460 Nichols Road, Suite 200
15   Kansas City, Missouri 64112
     Tel:       816-714-7100
16   Fax:       816-714-7101

17   Stephen R. Basser (*pro hac vice*)
     sbasser@barrack.com
18   BARRACK, RODOS & BACINE
     One America Plaza
19   600 West Broadway, Suite 900
     San Diego, CA 92101
20   Tel:       619-230-0800
     Fax:       619-230-1874
21

22   Joseph Gentile (*pro hac vice forthcoming*)
     joseph@sarrafgentile.com
23   Ronen Sarraf (*pro hac vice forthcoming*)
     ronen@sarrafgentile.com
     SARRAF GENTILE LLP

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CLASS CERTIFICATION SCHEDULE - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

14 Bond Street #212
Great Neck, NY 11021
Tel:        516-699-8890
Fax:       516-699-8968

*Attorneys for Plaintiff, William T. Whitman*

4822-7919-3048, v. 1

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO AMEND CLASS CERTIFICATION SCHEDULE - 6