**The Honorable Barbara J. Rothstein**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| WILLIAM T. WHITMAN, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiff,<br>v.<br>STATE FARM LIFE INSURANCE COMPANY, an Illinois corporation<br>　　　　　　Defendant. | No. 3:19-cv-06025-BJR<br><br>DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL |

Pursuant to Local Civil Rule 5(g), State Farm hereby moves to file under seal certain confidential documents and information that are being filed with State Farm's Opposition to Plaintiff's Motion for Class Certification and the declarations filed in connection with State Farm's Opposition. In support of its motion, State Farm states as follows:

**I.　　IDENTIFICATION OF DOCUMENTS AND BRIEFING TO BE SEALED**

1. Expert Report of Rebecca Kirk Fair (Exhibit A to the Declaration of Rebecca Kirk Fair)

---

MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

1

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927

2. Exhibit 1 to the Expert Report of Rebecca Kirk Fair: Summary of State Farm Washington Form 94030 Policyholder Data

3. Exhibit 2 to the Expert Report of Rebecca Kirk Fair: Summary of State Farm Washington Form 94030 Policyholder Data

4. Exhibit 3 to the Expert Report of Rebecca Kirk Fair: Summary of State Farm Washington Form 94030 Policyholder Data

5. Expert Report of Lauren J. Stiroh (Exhibit A to the Declaration of Lauren J. Stiroh)

6. Exhibit 3 to the Expert Report of Lauren J. Stiroh: analysis of Plaintiff's damages model that contains confidential policyholder data.

7. Exhibits 4-8 to the Expert Report of Lauren J. Stiroh: illustrations of the comparative COI rates and alleged damages for certain policies

8. Expert Report of Craig Reynolds (Exhibit A to the Declaration of Craig Reynolds)

9. Exhibit A to the Declaration of Alan Hendren: 94000 Series pricing binder

10. Exhibit B to the Declaration of Alan Hendren: State Farm's mortality table from the relevant timeframe

11. Exhibit C to the Declaration of Alan Hendren: filing package to Illinois including the nationwide actuarial memorandum.

12. Exhibit D to the Declaration of Alan Hendren: correspondence to Illinois enclosing a revised sample annual statement showing planned cost of insurance rate information and expense charges.

13. Exhibit F to the Declaration of Alan Hendren: filing package to Washington including the actuarial memorandum

MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

2

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927

14. Exhibit G to the Declaration of Alan Hendren: actuarial memorandum State Farm submitted to New Jersey providing a description of the process that State Farm's actuaries followed to develop the cost of insurance rates for use with the 94030 Policy

15. Exhibit J to the Declaration of Alan Hendren: 1994 version of the rate book that was in place when Plaintiff purchased his Policy

16. Exhibit A to the declaration of Tim Crabtree:  Summary of policyholder data

17. Declaration of Monica Flory

18. Exhibit 1 to the Declaration of Cari Dawson: Deposition Transcript of Plaintiff William Whitman

19. Exhibit 3 to the Declaration of Cari Dawson: Exhibit 11 to the Deposition Transcript of Plaintiff William Whitman (certain Annual Notices of Policy Status)

20. Exhibit 6 to the Declaration of Cari Dawson: Exhibit 15 to the Deposition Transcript of Plaintiff William Whitman (Email communication between Plaintiff and Monica Flory)

21. Exhibit 7 to the Declaration of Cari Dawson: Exhibit 28 to the Deposition Transcript of Plaintiff William Whitman (Email communication from Plaintiff to himself)

22. Exhibit 9 to the Declaration of Cari Dawson: Exhibit 29 to the Deposition Transcript of Plaintiff William Whitman (Email communication from Plaintiff to himself)

23. Exhibit 11 to the Declaration of Cari Dawson: Deposition Transcript of Plaintiff's Expert Scott Witt.

MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

3

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927

## II. SEALING IS NECESSARY TO PRESERVE THE CONFIDENTIALITY OF STATE FARM'S PROPRIETARY BUSINESS INFORMATION AND TRADE SECRETS AND DOCUMENTS PLAINTIFF HAS DESIGNATED CONFIDENTIAL.

Sealing is necessary for the documents identified in paragraphs 1-16 and 23 above because those documents contain information that State Farm considers to be proprietary and confidential actuarial information, as well as trade secrets pertaining to its cost of insurance rates and business strategy. As explained below, compelling reasons support the sealing of the documents. In addition, because the documents identified in paragraphs 17-22 convey information in documents designated confidential by Plaintiff, Plaintiff must satisfy Local Civil Rule 5(g)(3)(B) in its response to this motion with respect to those documents.

### A. Legal Standard.

While courts start with "a strong presumption in favor of access to court records," they also "remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Apple Inc. v. Samsun Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-1229 (Fed. Cir. 2013). For the relevant class certification briefing here, the proponent seeking an order sealing them "must meet the 'compelling reasons' standard and not the lesser 'good cause' determination." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006) (quoting Foltz, 331 F.3d at 1135). A "compelling reason" that supports sealing court records exists "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal quotes and citation omitted). In evaluating a motion to seal, "courts should consider all relevant factors." *Foltz*, 331 F.3d at 1135.

MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

4

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927

### B. The Documents Sought To Be Filed Under Seal Contain Trade Secret and Proprietary Information Regarding State Farm's Actuarial Analyses.

The documents referenced in paragraphs 1-16 and 23 contain confidential and proprietary information involving State Farm's development of cost of insurance rates and actuarial pricing analyses that, if publicly disclosed, would result in a competitive disadvantage and negate the considerable time, expense and effort that State Farm has incurred to develop its cost of insurance rates. State Farm develops experience assumptions through analysis of multiple years of experience across a vast population of insureds. (Holzbauer Dec. in Support of Sealing ¶ 5.) State Farm takes care not to disclose its assumptions to other competitors, as it would squander the competitive advantages that State Farm derives from the careful analysis State Farm actuaries perform of company experience. (Holzbauer Dec. in Support of Sealing ¶ 5-6.) State Farm spent considerable time and effort developing its cost of insurance rates and has undertaken reasonable efforts to maintain the secrecy of this proprietary confidential information. (Holzbauer Dec. in Support of Sealing ¶ 4.)

Sealing is necessary to protect State Farm's confidential trade secret information. (Holzbauer Dec. ¶¶ 7-10). State Farm has not made the sensitive information in these documents public as it is competitively sensitive. (Root Dec. in Support of Sealing ¶ 4). Moreover, State Farm has not produced this information in litigation without first seeking protection of its trade secret, confidential information from courts. (Root Dec. in Support of Sealing ¶¶ 5-8). Whenever third parties have sought to access this information, State Farm has taken steps to prevent its public disclosure. (Root Dec. in Support of Sealing ¶ 9). This confidential information is valuable to State Farm and it would be valuable to a competitor or potential competitor. Plaintiff's counsel has not objected to sealing these materials to protect the

MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

5

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927

confidentiality of this information in any matter.

### C. The Documents Sought To Be Filed Under Seal Contain Information Plaintiff Has Designated As Confidential.

The documents identified in paragraphs 17-22 have been designated by Plaintiff in this litigation as confidential. State Farm's understanding from Plaintiff's counsel is that Plaintiff intends for these documents to remain confidential and should be filed under seal. It is State Farm's understanding that Plaintiff will make the showing of confidentiality and compelling reason to the Court.

## III. LOCAL CIVIL RULE 5(g)(3)(A) CERTIFICATION

State Farm hereby certifies that it has met and conferred through counsel for Plaintiff in an attempt to reach agreement on the need to file the documents designated confidential by Plaintiff under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal. Specifically, Tejas Patel and David Wohlstadter, counsel for State Farm, conferred telephonically with Matthew Lytle and David Hickey, counsel for Plaintiff, on March 26, 2021, in advance of this filing.

## IV. DURATION OF TIME REQUESTED

State Farm requests that the briefing and documents it seeks to file under seal remain sealed unless and until they become publicly available or de-designated as "Confidential" under the existing Protective Order or by any Order of this Court.

## V. CONCLUSION

Therefore, State Farm respectfully asks that the Court grant its motion and enter an order sealing the documents identified above.

MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

6

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: March 29, 2021 | BETTS, PATTERSON & MINES, P.S. |

/s/ Joseph D. Hampton
/s/ Kara A. Tredway
Joseph D. Hampton
Kara A. Tredway
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927
Telephone: (206) 292-9988
Facsimile: (206) 343-7053
Email: jhampton2bpmlaw.com
Email: ktredway@bpmlaw.com

STINSON LLP

/s/ Todd Notebloom
Todd Noteboom, *pro hac vice*
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1894
Email: todd.noteboom@stinson.com

STINSON LLP

/s/ Jeremy A. Root
Jeremy A. Root, *pro hac vice*
230 W. McCarthy Street
Jefferson City, MO 65101-1553
Telephone: (573) 636-6263
Facsimile: (573) 636-6231
Email: Jeremy.root@stinson.com

ALSTON & BIRD LLP

/s/ Cari Dawson
/s/ Tiffany Powers
Cari Dawson, *pro hac vice*
Tiffany Powers, *pro hac vice*
One Atlantic Center
1201 W. Peachtree Street, Suite 4900
Atlanta, GA 303-9-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-777
Email: cari.dawson@alston.com
Email: tiffany.powers@alston.com

MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL
No. 3:19-cv-06025-BJR

7

BETTS, PATTERSON & MINES, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927