# Exhibit I



**ACTUARIAL STANDARDS BOARD**

**Actuarial Standard
of Practice
No. 2**

**Nonguaranteed Charges or Benefits
for Life Insurance Policies and Annuity Contracts**

**Revised Edition**

Developed by the
Task Force to Revise ASOP No. 2 of the
Life Committee of the
Actuarial Standards Board

Adopted by the
Actuarial Standards Board
March 2004
Updated for Deviation Language Effective May 1, 2011

**(Doc. No. 171)**

**Note: This ASOP was previously numbered as ASOP No. 1 and was changed effective on March 21, 2013 to be ASOP No. 2. The new ASOP No. 1,** *Introductory Actuarial Standard of Practice,* **was adopted in March 21, 2013.** *Recommendations for Actuarial Communications Related to Statements of Financial Accounting Standards Nos. 87 and 88,* **which was formerly labeled ASOP No. 2, was repealed on March 14, 2011 and does not apply to actuarial communications issued after that date.**

ASOP No. 2—March 2013

TABLE OF CONTENTS

| | |
|---|---:|
| Transmittal Memorandum | iii |
| | |
| Section 1.  Purpose, Scope, Cross References, and Effective Date | 1 |
|     1.1    Purpose | 1 |
|     1.2    Scope | 1 |
|     1.3    Cross References | 1 |
|     1.4    Effective Date | 2 |
| | |
| Section 2.  Definitions | 2 |
|     2.1    Anticipated Experience Factor | 2 |
|     2.2    Applicable Law | 2 |
|     2.3    Determination Policy | 2 |
|     2.4    Nonguaranteed Charge or Benefit | 2 |
|     2.5    Policy | 2 |
|     2.6    Policy Class | 2 |
|     2.7    Policy Factor | 2 |
| | |
| Section 3.  Analysis of Issues and Recommended Practices | 3 |
|     3.1    Advice on Determination Policy | 3 |
|     3.2    Determination of Nonguaranteed Charges or Benefits | 3 |
|     3.3    Determination Process | 3 |
|     3.4    Policy Classes | 3 |
|     3.5    Nonguaranteed Charges or Benefits Used in Illustrations | 4 |
|     3.6    Documentation | 4 |
| | |
| Section 4. Communications and Disclosures | 4 |
|     4.1    Actuarial Communication | 4 |
|     4.2    Disclosure | 4 |
|     4.3    Reliance on Data Supplied by Others | 5 |

**APPENDIXES**

| | |
|---|---:|
| Appendix 1—Background and Current Practices | 6 |
|     Background | 6 |
|     Current Practices | 7 |
| | |
| Appendix 2—Comments on the Exposure Draft and Task Force Responses | 9 |

**ASOP No. 2—March 2013**

**This ASOP, previously numbered as ASOP No. 1 was changed effective on March 21, 2013 to become ASOP No. 2. The new ASOP No.1,** *Introductory Actuarial Standard of Practice,* **was also adopted on March 21, 2013.** *Recommendations for Actuarial Communications Related to Statements of Financial Accounting Standards Nos. 87 and 88,* **which was formerly labeled ASOP No. 2, was repealed on March 14, 2011 and does not apply to actuarial communications issued after that date. All references in this ASOP have been changed to ASOP No. 2, except for the name of the task force.**

March 2004

**TO:** Members of Actuarial Organizations Governed by the Standards of Practice of the Actuarial Standards Board and Other Persons Interested in Nonguaranteed Charges or Benefits for Life Insurance Policies and Annuity Contracts

**FROM:** Actuarial Standards Board (ASB)

**SUBJ:** Actuarial Standard of Practice (ASOP) No. 2

This booklet contains the final version of ASOP No. 2, *Nonguaranteed Charges or Benefits for Life Insurance Policies and Annuity Contracts*.

Background

In 1986, the Interim Actuarial Standards Board adopted the original version of ASOP No. 2, which was titled *The Redetermination (or Initial Determination) of Non-Guaranteed Charges and/or Benefits for Life Insurance and Annuity Contracts*. In 1990, the Actuarial Standards Board adopted a reformatted version of ASOP No. 2.

As originally written, ASOP No. 2 was primarily concerned with the determination of nonguaranteed charges or benefits in individual life insurance policies and annuity contracts. In light of evolving practice, the ASB believed it was appropriate to revise ASOP No. 2. This revision of ASOP No. 2 adds additional guidance on the determination of nonguaranteed charges or benefits.

In 1995, the ASB adopted ASOP No. 24, *Compliance with the NAIC Life Insurance Illustrations Model Regulation*, which was created in conjunction with the National Association of Insurance Commissioners' (NAIC) *Life Insurance Illustrations Model Regulation* (hereafter the *Model*). The *Model* itself was drafted to accomplish specific regulatory objectives. ASOP No. 24 concerns itself with guidelines for compliance with the *Model*. With respect to illustrated nonguaranteed charges or benefits for life insurance policies and annuity contracts that are not subject to or represented as being in accordance with the *Model*, this revision of ASOP No. 2 imposes new obligations on the actuary that reflect generally accepted actuarial practice.

**ASOP No. 2—March 2013**

Exposure Draft

The exposure draft of this ASOP was issued in March 2003, with a comment deadline of August 15, 2003. Fifteen comment letters were received. The task force carefully considered all comments received and made clarifying changes to the language in some sections. For a summary of the substantive issues contained in the exposure draft comment letters and the task force's responses, please see appendix 2.

The most significant changes from the exposure draft are as follows:

1.      The task force revised the standard to utilize the term "determination" in place of "redetermination."

2.      The task force modified section 3.1 to clarify that the actuary should consider relevant policy provisions and applicable law.

3.      The task force clarified section 3.5, which addresses the actuary's responsibilities with respect to illustrations not subject to ASOP No. 24.

4.      Section 3.6, Documentation, was added to conform with other recently adopted ASOPs. In addition, the task force changed the heading of section 4.2 to Disclosure and changed the requirements to provide more flexibility.

5.      The task force changed the term "company" to "insurer" throughout the ASOP to recognize that an insurer is not necessarily a company.


The ASB voted in March 2004 to adopt this standard.

Task Force to Revise ASOP No. 1

Thomas A. Phillips, Chairperson

| Thomas A. Campbell | Nik Godon |
| Michael A. Cioffi | Kenton L. Scheiwe |


Life Committee of the ASB

Robert G. Meilander, Chairperson

| Charles Carroll | Thomas A. Phillips |
| Michael A. Cioffi | Allan W. Ryan |
| Stephen N. Patzman | Barry L. Shemin |

iv

**ASOP No. 2—March 2013**

Actuarial Standards Board

Michael A. LaMonica, Chairperson

| | |
|---|---|
| Cecil D. Bykerk | William A. Reimert |
| Ken W. Hartwell | Lawrence J. Sher |
| Lew H. Nathan | Karen F. Terry |
| Godfrey Perrott | William C. Weller |

ACTUARIAL STANDARD OF PRACTICE NO. 2

NONGUARANTEED CHARGES OR BENEFITS
FOR LIFE INSURANCE POLICIES AND ANNUITY CONTRACTS

STANDARD OF PRACTICE

Section 1.  Purpose, Scope, Cross References, and Effective Date

1.1  Purpose—This actuarial standard of practice (ASOP) provides guidance to actuaries with respect to the determination of, or the development of determination policy on, nonguaranteed charges or benefits for life insurance policies and annuity contracts. Throughout this standard, the term *determination* includes both initial determination and subsequent redeterminations, where appropriate.

1.2  Scope—This standard applies to actuaries when performing professional services in connection with the determination and illustration of nonguaranteed charges or benefits (except as provided below) for life insurance policies and annuity contracts where nonguaranteed charges or benefits may vary at the discretion of the insurer. Examples of such policies include fixed and variable universal life policies, indeterminate premium policies, deferred annuity contracts, and equity-indexed policies.

This standard does not apply to actuaries when performing professional services with respect to illustrations of nonguaranteed charges or benefits subject to ASOP No. 24, *Compliance with the NAIC Life Insurance Illustrations Model Regulation*.

This standard does not apply to actuaries when performing professional services with respect to policyholder dividends, which are covered by ASOP No. 15, *Dividend Determination for Participating Individual Life Insurance Policies and Annuity Contracts*. To the extent that a policy involves both nonguaranteed charges or benefits and policyholder dividends, this standard applies with respect to nonguaranteed charges or benefits, and ASOP No. 15 applies with respect to policyholder dividends.

If the actuary departs from the guidance set forth in this standard in order to comply with applicable law (statutes, regulations, and other legally binding authority), or for any other reason the actuary deems appropriate, the actuary should refer to section 4.

1.3  Cross References—When this standard refers to the provisions of other documents, the reference includes the referenced documents as they may be amended or restated in the future, and any successor to them, by whatever name called. If any amended or restated document differs materially from the originally referenced document, the actuary should consider the guidance in this standard to the extent it is applicable and appropriate.

**ASOP No. 2—March 2013**

1.4 <u>Effective Date</u>—This standard is effective for all actuarial work performed within the scope of this standard on or after September 30, 2004.

Section 2.  Definitions

The terms below are defined for use in this actuarial standard of practice.

2.1 <u>Anticipated Experience Factor</u>—An assumption that reflects anticipated experience and may be used to determine nonguaranteed charges or benefits. A particular anticipated experience factor reflects future experience of a specific type. Examples of experience factors include investment income, mortality, policy termination, and expense rates.

2.2 <u>Applicable Law</u>—Federal, state, and local statutes, regulations, case law, and other legal binding authority that may govern the actuarial work being performed.

2.3 <u>Determination Policy</u>—The insurer's criteria or objectives for determining nonguaranteed charges or benefits for a particular policy class.

2.4 <u>Nonguaranteed Charge or Benefit</u>—Any element within a policy (as defined in section 2.5), other than policy dividends, which affects policyholder costs or value, and which may be changed at the discretion of the insurer after issue. Examples of nonguaranteed charges or benefits include excess interest, mortality charges or expense charges lower than those guaranteed in the policy, indeterminate premiums, and participation rates for equity-indexed products.

2.5 <u>Policy</u>—Except when used in the term *determination policy*, policy refers to individual life insurance policies and annuity contracts and group life insurance and annuity certificates with nonguaranteed charges or benefits that operate in substantially the same manner as individual life insurance policies and individual annuity contracts with respect to nonguaranteed charges or benefits.

2.6 <u>Policy Class</u>—A group of policies considered together for purposes of determining a nonguaranteed charge or benefit.

2.7 <u>Policy Factor</u>—A premium, value, charge, or benefit that limits a nonguaranteed charge or benefit. Policy factors are based on the guarantees defined in the policy. Examples of policy factors include minimum cash values, minimum interest rates, maximum mortality charges, maximum gross premiums, and maximum policy loan interest rates.

**ASOP No. 2—March 2013**

Section 3.  Analysis of Issues and Recommended Practices

3.1   Advice on Determination Policy—When advising the insurer on the actuarial aspects of a determination policy, the actuary's advice should be consistent with the insurer's stated marketing, financial, and other objectives. The actuary should consider relevant policy provisions and applicable law.

3.2   Determination of Nonguaranteed Charges or Benefits—The actuary should recommend nonguaranteed charges or benefits that are consistent with the insurer's determination policy. When the determination policy is not provided to the actuary, the actuary should inquire about the insurer's intentions for the determination of nonguaranteed charges or benefits and have the insurer confirm those intentions as the determination policy.

3.3   Determination Process—The actuary may use modeling, averaging, grouping of policy classes, or other methods, as the actuary deems appropriate, to calculate the specific nonguaranteed charges or benefits.

Determination is a process subject to practical constraints. The actuary should consider relevant conditions and circumstances such as the size of a particular group of policies, and the costs, practical difficulties, and effects of making changes to the nonguaranteed charges or benefits.

The actuary should consider conducting sensitivity tests of the impact of likely deviations from the anticipated experience on which the actuary's advice is based, if the actuary expects such deviations to have a material effect.

3.4   Policy Classes—Policies will usually be grouped into classes for purposes of determining nonguaranteed charges or benefits. The determination policy may include a definition of the policy classes to be used. If the policy classes have not been defined in the determination policy, the actuary should establish policy classes considering criteria such as the following:

   a.   the similarity of the policy types;

   b.   the structure of policy factors and nonguaranteed charges or benefits;

   c.   the similarity of anticipated experience factors;

   d.   the time period over which the policies were issued; and

   e.   the underwriting and marketing characteristics of the policies.

In addition, the actuary may consider combining policy classes that are reasonably consistent based on the above criteria if, in the actuary's professional judgment, such combinations would be appropriate.

**ASOP No. 2—March 2013**

3.5 <u>Nonguaranteed Charges or Benefits Used in Illustrations</u>—The actuary should determine nonguaranteed charges or benefits to be used in illustrations not subject to ASOP No. 24 consistently with how the actuary determines nonguaranteed charges or benefits for the policies involved. The actuary should consider conducting tests of illustrated nonguaranteed charges or benefits to ascertain whether those could be supported by reasonably anticipated experience.

3.6 <u>Documentation</u>—The actuary should prepare and retain adequate documentation in compliance with the requirements of ASOP No. 41, *Actuarial Communications*. The actuary should prepare sufficient documentation to comply with the disclosure requirements of section 4.2.

<u>Section 4.  Communications and Disclosures</u>

4.1 <u>Actuarial Communication</u>—The actuary should issue an actuarial communication in accordance with ASOP No. 41 to the insurer stating the actuary's recommendations for the nonguaranteed charges or benefits and the bases therefor, unless another actuary advising the same insurer is issuing such an actuarial communication that incorporates such work.

4.2 <u>Disclosure</u>—The actuary should disclose the following items when appropriate and available:

    a. a description of the insurer's determination policy for the policies and policy classes involved. The actuary should describe any additional material assumptions with respect to the determination policy that were made to complete the analysis;

    b. any known areas in which the recommended nonguaranteed charges or benefits do not follow the insurer's determination policy;

    c. any material change in the determination policy or in the assumptions the actuary has made about the determination policy since the previous determination;

    d. the policy classes involved and any material changes in the assignment of policies to policy classes;

    e. a description of the processes and methods used in the determination of nonguaranteed charges or benefits, including any significant modeling, averaging, or other approximation methods;

    f. the nonguaranteed charges or benefits recommended for the forthcoming period;

    g. the significant policy factors used in the determination of nonguaranteed charges and benefits;

**ASOP No. 2—March 2013**

    h.    the anticipated experience factors used in the determination of nonguaranteed charges and benefits and any material changes in such factors from the last determination;

    i.    any conclusions or recommendations related to sensitivity testing;

    j.    applicable law recognized in formulating the actuary's recommendations;

    k.    the disclosure in ASOP No. 41, section 4.2, if any material assumption or method was prescribed by applicable law (statutes, regulations, and other legally binding authority);

    l.    the disclosure in ASOP No. 41, section 4.3, if the actuary states reliance on other sources and thereby disclaims responsibility for any material assumption or method selected by a party other than the actuary; and

    m.    the disclosure in ASOP No. 41, section 4.4, if, in the actuary's professional judgment, the actuary has otherwise deviated materially from the guidance of this ASOP.

4.3    <u>Reliance on Data Supplied by Others</u>—The actuary may rely on data supplied by another. In doing so, the actuary should disclose both the fact and the extent of such reliance. The accuracy and comprehensiveness of data supplied by others are the responsibility of those who supply the data. For further guidance, the actuary is directed to ASOP No. 23, *Data Quality*.

ASOP No. 2—March 2013

# Appendix 1

## Background and Current Practices

*Note*: This appendix is provided for informational purposes, but is not part of the standard of practice.

### Background

In the mid-1970s, there began to be increased activity with respect to products with nonguaranteed charges or benefits as opposed to dividends under traditional participating policies. Reasons for this included items such as the increased volatility in the North American economy, increased competition within the insurance industry, and the advent of universal life whose unbundled form required nonguaranteed charges or benefits.

Because of the increased activity on these products, they came to represent significant market share and financial significance, and it was deemed necessary to develop an actuarial standard of practice in this area. Thus, the Interim Actuarial Standards Board adopted the original version of ASOP No. 1 in October 1986. The Actuarial Standards Board adopted a reformatted version of ASOP No. 1 in 1990.

In 1986, the policies in question were still evolving and there was little standardization in such areas as benefit design, pricing structure, marketing practices, and investment philosophies. It was, therefore, impossible for the standard to offer guidance on issues for which there was no generally accepted actuarial practice, such as for the applicability of the contribution principle, which had been accepted and in effect for many years for traditional participating life policies. Rather, the standard reflected that the actuary's essential obligations were (1) to assure the completion of all of the activities required to advise the client professionally; and (2) to prepare an actuarial communication for the client presenting this advice.

Since the promulgation of the original standard in 1986, the volume of these products sold has continued to grow and considerable product innovation has taken place. As a result, there is now a clearer understanding of what represents generally accepted actuarial practice with respect to these products, and ASOP No. 1 has been revised to reflect these practices.

Furthermore, ASOP No. 15, *Dividend Determination for Participating Individual Life Insurance Policies and Annuity Contracts*, has been revised and ASOP No. 24, *Compliance with the NAIC Life Insurance Illustration Model Regulation*, has been promulgated. ASOP No. 1 has also been revised to be consistent, where appropriate, with these newer standards.

**ASOP No. 2—March 2013**

Current Practices

The actuary may provide professional services in two principal areas with respect to non-guaranteed charges or benefits. The actuary is normally involved in the determination of nonguaranteed charges or benefits in accordance with insurer determination policy. The actuary may also be involved in advising the insurer in setting the determination policy.

It is common in current practice to base advice on the determination of nonguaranteed charges or benefits of policies, including the relationship between nonguaranteed charges and benefits and the anticipated experience factors, on insurer determination policy. Insurer determination policy may be documented in sufficient detail (for example, in a previous actuarial communication) for the actuary to appropriately determine the nonguaranteed elements in question. If not, the actuary will generally gather sufficient information from the insurer to provide the actuarial services.

The recovery of past losses or the distribution of past gains may be an aspect of the determination policy. In addressing this issue, the actuary will typically look to policy provisions, insurer determination policy, and applicable law.

It is also common in practice for the actuary to adjust nonguaranteed charges or benefits for items not directly related to the actual nonguaranteed charge or benefit, such as the following:

a. to reflect anticipated gains or losses on supplementary benefit riders;

b. to reflect anticipated gains or losses arising from the usage of settlement option guarantees;

c. to reflect other anticipated gains or losses arising from policy factors, such as nonforfeiture interest rates that are low or high relative to projected investment income rates;

d. to smooth the transition from one set of nonguaranteed charges or benefits to another;

e. to smooth the incidence of nonguaranteed charges or benefits between policy durations; and

f. to be consistent with nonguaranteed charges or benefits of other similar products.

The actuary may also advise the insurer on the formulation of insurer determination policy. When advising on determination policy, the actuary commonly reviews the determination policy of similar polices with respect to the policy classes and nonguaranteed charges or benefits. Insurer determination policy with respect to nonguaranteed charges or benefits is not necessarily fixed. The insurer may appropriately adjust determination policy among groups of policies or may revise a determination policy for a given product in order to meet changing financial, marketing, and other goals.

**ASOP No. 2—March 2013**

The actuary may have responsibilities in addition to the requirements of this ASOP. For example, the Exhibit 5 Interrogatories of the National Association of Insurance Commissioners' current annual statement address additional issues with respect to the determination of non-guaranteed charges or benefits (see section 3.5 of this standard).

## ASOP No. 2—March 2013

# Appendix 2

## Comments on the Exposure Draft and Task Force Responses

The exposure draft of this revised actuarial standard of practice (ASOP), titled *The Determination of Nonguaranteed Charges or Benefits for Life Insurance Policies and Annuity Contracts*, was issued in March 2003, with a comment deadline of August 15, 2003. Fifteen comment letters were received. The ASOP No. 2 Task Force carefully considered all comments received. Summarized below are the significant issues and questions contained in the comment letters and the task force's responses. Unless otherwise noted, the section numbers and titles used below refer to those in the exposure draft. Where the task force changed a term between the exposure draft and the final standard (for example, replacing *company* with *insurer*), the comment reflects the original term used by the commentator, whereas the response uses the term as it appears in the final standard.

| | GENERAL COMMENTS |
|---|---|
| Comment | A few commentators stated that the use of the terminology "redetermination (or initial determination)" in the title and the reliance on the term "redetermination" in the standard was unnecessarily obtuse. |
| Response | The task force agreed and revised the standard to utilize the term "determination." |
| | SECTION 1. PURPOSE, SCOPE, CROSS-REFERENCES, AND EFFECTIVE DATE |
| **Section 1.2, Scope** | |
| Comment | One commentator observed that this standard is limited in scope by two other standards, ASOP No. 15, *Dividend Determination for Participating Individual Life Insurance Policies and Annuity Contracts*, and ASOP No. 24, *Compliance with the NAIC Life Insurance Illustrations Model Regulation*. The commentator also suggested that the scope be expanded to allow for future standards that may take precedence over the current standard. |
| Response | The task force agreed that future standards might take precedence over current ones, but believed that it was beyond the scope of the standard to provide for possible future standards. |
| Comment | The task force solicited comments on whether the scope should provide guidance in other areas such as health or credit insurance policies with nonguaranteed elements. The general consensus of the commentators was that the scope was appropriately determined. |
| Response | The task force agreed with the general consensus and made no change in scope. |
| Comment | One commentator suggested that variable products be included in the examples of policies with nonguaranteed elements. |
| Response | The task force agreed and added variable products. |
| | SECTION 2.  DEFINITIONS |
| **Section 2.2, Applicable Law** | |
| Comment | One commentator suggested that sections 2.2 and 4.2(j) may place an excessively burdensome requirement on the actuary to recognize and document all applicable law in the determination of nonguaranteed charges or benefits. |
| Response | The task force believed that applicable law should be considered and added language to section 3.1 to make this clear. Section 4.2 was modified to reflect appropriate documentation of the applicable law. |

9

| | |
|---|---|
| **New section 2.3, Determination Policy and section 2.4, Policy (now section 2.5)** | |
| Comment | One commentator questioned the dual usage of the word "policy." The standard utilizes the term to refer to life insurance policies (contracts) and to refer to the determination policy of the company. The commentator suggested that the dual usage might be confusing. |
| Response | The task force made clarifying changes to the standard to distinguish between the terms "policy" and "determination policy." The term "policy" is used exclusively to refer to contracts of insurance while the term "determination policy" is used exclusively to refer to the determination policy of the insurer. |
| **Section 2.3, Nonguaranteed Charge or Benefit (now section 2.4)** | |
| Comment | One commentator suggested that the examples of nonguaranteed charges or benefits be expanded to include the "mortality and expense risk charge" commonly found in variable life products. |
| Response | The task force expanded the list to include expense charges. |
| **Section 2.4, Policy (now section 2.5)** | |
| Comment | Several commentators suggested changes to this definition to improve the description of "group life insurance and annuity certificates with nonguaranteed charges or benefits that operate in substantially the same manner as individual life policies and individual annuity contracts with respect to nonguaranteed charges or benefits." |
| Response | There was clear support in the comments for including group life insurance and annuity certificates in the definition of policy. However, there was no clear consensus on significant improvements to the definition. After review, the task force concluded the original definition was most appropriate. |
| **SECTION 3. ANALYSIS OF ISSUES AND RECOMMENDED PRACTICES** | |
| **Section 3.1, Advice on Redetermination Policy (now titled Advice on Determination Policy)** | |
| Comment | A few commentators stated that there was insufficient guidance in this section as to what the actuary should consider in advising the company on determination policy. Comments included various suggestions for items to be added to the list of company objectives. |
| Response | The task force considered changes but determined that "stated marketing, financial, and other objectives" was sufficiently broad and flexible for guidance. The task force, however, added an additional sentence to provide for consideration of legal and regulatory requirements. |
| **Section 3.2, Redetermination of Nonguaranteed Charges or Benefits (now titled Determination of Nonguaranteed Charges or Benefits)** | |
| Comment | One commentator suggested that the standard should provide guidance on the impacts of capital gains and losses on nonguaranteed charges or benefits. |
| Response | The task force believed that section 3.3 gives the actuary appropriate flexibility to address capital gains and losses. |
| **Section 3.5, Illustrations Not Subject to ASOP No. 24 (now titled Nonguaranteed Charges or Benefits Used in Illustrations)** | |
| Comment | Several commentators questioned the clarity and objective of treating the determination of illustrated nonguaranteed elements the same as the determination of nonguaranteed elements. |
| Response | The task force clarified the section. |
| Comment | One commentator recommended that a statement be added that anticipated experience should not reflect any assumed improvement beyond the current date. |
| Response | This ASOP applies only to illustrations that are not subject to ASOP No. 24. The task force was not aware of any requirement such as that proposed by the commentator with respect to such illustrations. |
| Comment | One commentator suggested the standard should provide guidance regarding the timing of conducting tests of illustrated nonguaranteed charges or benefits. |
| Response | The task force discussed timing, but decided the actuary should have flexibility in this matter. |

**ASOP No. 2—March 2013**

| Comment | One commentator noted that section 3.5 used the phrase "currently anticipated experience" while other parts of the standard used "anticipated experience." |
|---|---|
| Response | The task force replaced the word "currently" with "reasonably." |
| | **SECTION 4. COMMUNICATIONS AND DISCLOSURES** |
| **Section 4.2, Documentation (now section 4.2, Disclosure)** | |
| Comment | Several commentators made general comments that the documentation section seemed overly burdensome. |
| Response | The task force added the phrase "when appropriate and available" to provide more flexibility in disclosure. |
| Comment | Regarding section 4.2(c), a few commentators remarked that the documentation of the impact of changes in determination policy may be beyond the scope of the actuary's responsibilities, as the company establishes determination policy. |
| Response | The task force agreed and deleted the phrase. |
| Comment | Regarding section 4.2(f), a few commentators stated that the documentation of all specific nonguaranteed charges or benefits might be overly burdensome. |
| Response | The task force believes that the standard of practice, when taken in conjunction with ASOP No. 41, *Actuarial Communications*, gives the actuary sufficient flexibility to determine the method, means, and amount of disclosure necessary to describe specific nonguaranteed charges or benefits. |
| Comment | Regarding section 4.2(i), one commentator suggested that documentation of all sensitivity tests performed and the results of all sensitivity tests might be overly burdensome. |
| Response | The task force agreed and changed the wording of section 4.2(i). |

11