The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM T. WHITMAN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

STATE FARM LIFE INSURANCE COMPANY,

Defendant.

NO. 3:19-cv-06025-BJR

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to Rule 5(g)(3) of the Local Civil Rules, Plaintiff provides the following response to State Farm's Motion for Leave to File Documents Under Seal (Doc. 80) as to information Plaintiff has designated confidential under the Protective Order. Plaintiff takes no position on whether the materials State Farm has designated as confidential should be sealed. State Farm seeks leave to seal the following materials containing information Plaintiff has designated confidential:

1. Declaration of Monica Flory (Doc. 95);

2. Exhibit 1 to Declaration of Cari Dawson: Deposition Transcript of Plaintiff (Doc. 108-1);

3. Exhibit 3 to Declaration of Cari Dawson: Deposition Exhibit 11, Annual Notices

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
- NO. 3:19-CV-06025-BJR - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(Doc. 108-3);

4. Exhibit 6 to Declaration of Cari Dawson: Deposition Exhibit 15, Email between Plaintiff and Monica Flory (Doc. 108-6);

5. Exhibit 7 to Declaration of Cari Dawson: Deposition Exhibit 28, Email from Plaintiff (Doc. 108-7);

6. Exhibit 8 to the Declaration of Cari Dawson: Deposition Exhibit 18, Email between Plaintiff and Monica Flory (Doc. 108-8); and

7. Exhibit 9 to Declaration of Cari Dawson: Deposition Exhibit 29, Email from Plaintiff (Doc. 108-9).

Doc. 80 at 3, ¶¶17-22. Relatedly, State Farm publicly filed Exhibit 10 to the Declaration of Cari Dawson (Deposition Exhibit 30, Email between Plaintiff and G. Gover), despite it being designated confidential by Plaintiff. *See* Doc. 108-10.

Plaintiff does not contend that any of these documents should be sealed in their entirety. The Declaration of Monica Flory can be filed publicly. For the remaining documents sought to be sealed, Plaintiff provides minimally redacted versions that can be filed publicly. And for Exhibit 10 (Doc. 108-10), Plaintiff requests that the Court seal the version filed by State Farm and replace it with a redacted version that protects his personal email address.

I.  BACKGROUND

Local Civil Rule 5(g) "applies in all instances where a party seeks to overcome" the "strong presumption of public access to the Court's files," by filing a document under seal. In the event a party seeks to file a document under seal "because another party has designated it as confidential during discovery," Local Civil Rule 5(g)(1)(A) provides that "the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact *the* document so that sealing is unnecessary."

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
- NO. 3:19-CV-06025-BJR - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(emphasis added). Because its counsel conferred with Plaintiff's counsel about its intent to file a motion to seal generally, State Farm suggests that it met its obligation to meet and confer regarding the present motion. Beyond providing a description of part of the Declaration of Monica Flory, however, State Farm did not disclose which documents it intended to file under seal. Declaration of Matthew Lytle at ¶ 2. Thus, State Farm provided no opportunity for Plaintiff to consider whether the materials State Farm sought to file under seal should, in fact, be sealed or whether redactions or other alternatives would be sufficient to protect Plaintiff's sensitive information as contemplated and required by Local Civil Rule 5(g)(1)(A). Nonetheless, on the March 26, 2021 call with State Farm's counsel, Plaintiff's counsel explained that much of the material that was designated confidential by Plaintiff merely sought to protect discrete pieces of sensitive personal information, such as Plaintiff's email or home address. *Id.* Further, Plaintiff's counsel suggested that they could be available to further confer on March 29, 2021, when State Farm would presumably know which materials it intended to file. *Id.* State Farm never reached out after the March 26, 2021 phone conference. *Id.* In short, State Farm's failure to provide Plaintiff a meaningful opportunity to consider redactions generated unnecessary motion practice, including the present Response.

## II.     LEGAL STANDARD

There is "a strong presumption in favor of access to court records," but such access "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). Thus, in considering whether to allow public access, the court "should consider all relevant factors, including 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes . . . .'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts routinely permit redactions of sensitive personal information, such as home addresses, email addresses, financial

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
- NO. 3:19-CV-06025-BJR - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

information, and health information. *See, e.g.*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006) (affirming redaction of Plaintiff's home address as meeting "compelling reason" standard); *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-02366-BAS-KSC, 2020 WL 8617491, at *2 (S.D. Cal. Mar. 12, 2020) (permitting redaction of defendant's employees' email addresses); *NuCal Foods, Inc. v. Quality Egg LLC*, No. , 2012 WL 6629573, at *5 (E.D. Cal. Dec. 19, 2012) (granting request to seal or redact information regarding defendant's corporate officer's "diagnosis, treatment, and/or prognosis" where his "health is not at issue in this case"); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2014 WL 1995548, at *4 (N.D. Cal. May 15, 2014) (sealing or redacting plaintiff's home address and personal financial information). Additionally, Local Civil Rule 5.2 requires redaction of dates of birth and names of minor children.

### III. DISCUSSION

Plaintiff seeks to redact only a narrow set of personally sensitive information relating to Plaintiff and his family. None of the material that Plaintiff seeks to redact is relevant to the case, and none is cited or discussed by State Farm in its Opposition to Class Certification. Most of the redactions are instances of Plaintiff's email address or home address. Thus, there is little if any public interest in public access to this information. In contrast, Plaintiff has a justifiable desire to protect irrelevant, personal information from public disclosure. Additionally, due to the sensitive nature of Plaintiff's role as a cybersecurity consultant, he has heightened concerns regarding disclosure of personal information that may be misused or targeted by malicious actors. As such, his practice is to avoid online or public disclosure of his home address and email address.

#### A. EXHIBIT 1, DEPOSITION TRANSCRIPT OF WILLIAM WHITMAN

Plaintiff seeks to redact narrow portions of the deposition transcript of William Whitman that contain discrete pieces of private, personal information. Plaintiff designated only thirteen excerpts from a seven-hour deposition transcript as confidential under the Protective Order.

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
 - NO. 3:19-CV-06025-BJR - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Notably, State Farm's Opposition to Class Certification does not cite, discuss, or otherwise rely

2   on any of these confidential portions of this transcript. Yet State Farm chose to file the entire

3   transcript under seal. Nonetheless, Plaintiff seeks to seal only those portions that contain private

4   information, including dates of birth (Tr. at 13:5-6), personally identifiable information regarding

5   Plaintiff's children and parents (Tr. at 47:6-15, 52:12-17), sensitive health information regarding

6   Plaintiff and his family (Tr. at 51:4-14, 51:19-22, 194:25-195:8, 221:21-25), and financial

7   information (Tr. at 52:22-53:3, 56:20-57:6, 72:19-73:5, 246:9-15, 247:18-248:8, 249:8-17).

8   Because this personal information has no bearing on State Farm's Opposition to Class

9   Certification, Plaintiff's privacy concerns easily outweigh the public interest in access, if any

10  exists. A redacted transcript is provided as Exhibit 1 to the Declaration of Matthew Lytle.

   **B.   EXHIBIT 3, ANNUAL NOTICES**

12  Plaintiff seeks to redact Plaintiff's home address on the Annual Notices attached as Exhibit

13  3 to the Declaration of Cari Dawson. There is no relevance or public interest in Plaintiff's home

14  address, and redacting Plaintiff's address does not impair the public's ability to understand the

15  contents of these documents. In contrast, Plaintiff has an obvious interest in preventing public

16  disclosure of his family's home address. In short, there is no reason to publicly disclose this

17  information. A redacted version of Exhibit 3 is attached to the Declaration of Matthew Lytle.

   **C.   EXHIBITS 6 – 10, EMAILS**

19  Plaintiff seeks to redact his personal email address from the documents attached as Exhibits

20  6 – 10 to the Declaration of Cari Dawson. There is no relevance or public interest in Plaintiff's

21  personal email address, and redaction of the address itself does not impair the public's ability to

22  understand these communications. In fact, State Farm neither cites nor discusses Exhibit 9. In

23  contrast, disclosure of Plaintiff's email address may allow third parties to target Plaintiff, or at a

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
 - NO. 3:19-CV-06025-BJR - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

minimum, subject Plaintiff to unsolicited spam. Redacted versions of these emails are provided as Exhibits 6 – 10 to the Declaration of Matthew Lytle.

As noted, State Farm publicly filed one of Plaintiff's confidential emails as Exhibit 10 to the Declaration of Cari Dawson, in violation of the Protective Order. *See* Doc. 108-10. Plaintiff requests that the Court order the Clerk to seal this unredacted filing and replace the public version with the redacted version provided as Exhibit 10 to the Declaration of Matthew Lytle.

### D.  DECLARATION OF MONICA FLORY

Plaintiff does not contend that the Declaration of Monica Flory (Doc. 95) should remain sealed. While this declaration provides information regarding Plaintiff's sensitive health information, its generic explanation of a family member's medical diagnosis is sufficiently non-specific to protect this sensitive information.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny State Farm's Motion for Leave to File Under Seal as to the Declaration of Monica Flory. Likewise, Plaintiff requests the Court deny State Farm's request as to Exhibits 1, 3, 6, 7, and 9 to the Declaration of Cari Dawson, except to redact the narrow set of sensitive information identified herein. Likewise, Plaintiff requests that the Court deny State Farm's unsupported attempt to file Exhibit 8 under seal, except for the narrow redaction of Plaintiff's email address. Finally, Plaintiff requests that the Court order the Clerk to seal the confidential email that State Farm publicly filed at Document 108-10, and replace the public version with the redacted version which masks Plaintiff's personal email address.

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
 - NO. 3:19-CV-06025-BJR - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: April 19, 2021 | TOUSLEY BRAIN STEPHENS PLLC |
| 4 | | By: *s/ Kim D. Stephens* |
| | | Kim D. Stephens, P.S. WSBA #11984 |
| 5 | | |
| | | By: *s/ Rebecca L. Solomon* |
| 6 | | Rebecca L. Solomon, WSBA #51520 |
| 7 | | 1700 Seventh Avenue, Suite 2200 |
| | | Seattle, Washington 98101 |
| 8 | | Tel:      206.682.5600/Fax: 206.682.2992 |
| | | Email:   kstephens@tousley.com |
| 9 | | rsolomon@tousley.com |
| 10 | | Norman E. Siegel (*admitted pro hac vice*) |
| | | siegel@stuevesiegel.com |
| 11 | | Lindsay Todd Perkins (*admitted pro hac vice*) |
| | | perkins@stuevesiegel.com |
| 12 | | Ethan Lange (*admitted pro hac vice*) |
| | | lange@stuevesiegel.com |
| 13 | | STUEVE SIEGEL HANSON LLP |
| | | 460 Nichols Road, Suite 200 |
| 14 | | Kansas City, Missouri 64112 |
| | | Tel:      816-714-7100 |
| 15 | | Fax:     816-714-7101 |
| 16 | | John J. Schirger (*admitted pro hac vice*) |
| | | jschirger@millerschirger.com |
| 17 | | Matthew W. Lytle (*admitted pro hac vice*) |
| | | mlytle@millerschirger.com |
| 18 | | Joseph M. Feierabend (*admitted pro hac vice*) |
| | | jfeierabend@millerschirger.com |
| 19 | | MILLER SCHIRGER, LLC |
| | | 4520 Main Street, Suite 1570 |
| 20 | | Kansas City, Missouri 64111 |
| | | Tel:      816-561-6500 |
| 21 | | Fax:     816-561-6501 |
| 22 | | Stephen R. Basser (*admitted pro hac vice*) |
| | | sbasser@barrack.com |
| 23 | | BARRACK, RODOS & BACINE |
| | | One America Plaza |

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
- NO. 3:19-CV-06025-BJR - 7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

|   |   |
|---|---|
| 1 | 600 West Broadway, Suite 900 |
| 2 | San Diego, CA 92101 |
|   | Tel:      619-230-0800 |
| 3 | Fax:      619-230-1874 |
| 4 | Joseph Gentile |
|   | joseph@sarrafgentile.com |
| 5 | Ronen Sarraf |
|   | ronen@sarrafgentile.com |
| 6 | SARRAF GENTILE LLP |
|   | 14 Bond Street #212 |
| 7 | Great Neck, NY 11021 |
|   | Tel:      516-699-8890 |
| 8 | Fax:      516-699-8968 |
| 9 | ***Attorneys for Plaintiff, William T. Whitman*** |

PLAINTIFF'S RESPONSE TO STATE FARM'S MOTION FOR
LEAVE TO FILE DOCUMENTS UNDER SEAL
 - NO. 3:19-CV-06025-BJR - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992