The Honorable Barbara J. Rothstein

1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
8 **AT TACOMA**

9 WILLIAM T. WHITMAN, individually and on) NO. 3:19-cv-06025-BJR
behalf of all others similarly situated,        )
10                                               )
11            Plaintiff,                         )
                                                 )  **PLAINTIFF'S SUPPLEMENTAL**
12      vs.                                      )  **RESPONSE BRIEF REGARDING NEW**
                                                 )  **NINTH CIRCUIT DECISION**
13 STATE FARM LIFE INSURANCE COMPANY,)
                                                 )
14            Defendant.                         )
                                                 )
15 _____)

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

Having failed to refute that this case satisfies the requirements for class certification just like two other cases asserting claims on the same Policy—one of which the Eighth Circuit affirmed on appeal and State Farm's petition for certiorari challenging class certification was denied, *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753 (8th Cir. 2020), *cert. denied*, Dkt. 20-1008 (U.S. Apr. 19, 2021), and the other that the Ninth Circuit refused to review on State Farm's Rule 23(f) petition, *Bally v. State Farm Life Ins. Co.*, 335 F.R.D. 288 (N.D. Cal. 2020), *Rule 23(f) petition denied*, No. 20-80070 (9th Cir. July 22, 2020)—State Farm grasps at straws to contend that the Ninth Circuit's recent decision in *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, No. 19-56514, --- F.3d ----, 2021 WL 1257845 (Apr. 6, 2021), supports its opposition to Plaintiff's motion for class certification. That *Olean* is inapposite to the circumstances here is demonstrated most clearly by the fact that the vast majority of State Farm's ten-page supplemental brief merely restates its arguments from its class certification opposition, relying on the same cases it relied on then, and not tying those arguments to any new law created by *Olean*.[1] Moreover, the facts and context of *Olean* establish that it has no bearing here, beyond identifying the standard for a movant's burden in establishing predominance is satisfied—preponderance of the evidence (*id.* at *4)—a standard that is consistent with other circuit courts (*see id.*) and was not a point of dispute in the parties' principal briefing.

"The threshold consideration" in *Olean*, an antitrust case, was "whether Plaintiffs' representative evidence can be used to establish predominance" under Rule 23(b)(3). *Id.* at *7. The panel in *Olean* answered that question affirmatively, but a two-judge majority also held that when "[s]tatistical evidence" is used to show class-wide impact, it must be "rigorously analyze[d] … to

---

[1] State Farm also uses its supplemental brief to make improper sur-replies to arguments Plaintiff made in his Reply in contravention of this Court's order granting State Farm leave to file a supplemental brief "limited to discussing the *Olean* decision and its implications on the pending class certification issues," Dkt. 115. *See, e.g.*, Dkt. 119 at 3 n.1 (challenging Plaintiff's arguments regarding the Eight Circuit's *Avritt* decision); *id.* at 8 (contending Plaintiff conceded an argument State Farm made in its opposition by not addressing it in his Reply); *id.* at 8-9 (responding to Plaintiff's Reply arguments that Plaintiff's expert, Scott Witt, "clearly applied judgment consistent with his expertise in rendering his opinions"); *id.* at 8 n.6 (responding to Plaintiff's argument that Witt correctly keeps all past policy activity as it actually occurred and does not speculate about how policy owners' or State Farm's behavior would have changed if State Farm had complied with the Policy). State Farm did not seek or obtain leave to file a sur-reply, and none of these points addresses *Olean* or matters even arguably raised for the first time in Plaintiff's Reply. Accordingly, State Farm's improper sur-reply arguments should not be considered.

---

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   test its reliability to see if the statistical modeling does *in fact* mask individualized differences."

2   *Id.* at *10 (emphasis in original). As the majority put it, "[w]hen considering if predominance has

3   been met, a key factual determination courts must make is whether the plaintiffs' statistical

4   evidence sweeps in uninjured class members," because if it does, and "[i]f a substantial number of

5   class members 'in fact suffered no injury', the need to identify those individuals will

6   predominate.'" *Id.* Those concerns are not presented by this case.

7       **A.  *Olean* has no bearing on State Farm's challenges to any Rule 23 requirement.**

8       *First*, State Farm's sole predominance challenges are whether its form Policy can be

9   interpreted class wide, and whether its statute of limitations defense can be defeated with class-

10  wide evidence. Dkt. 83 at 16-27. None of State Farm's predominance challenges are premised in

11  any way on *Olean's* concern that a class-wide damages methodology could mask the presence of

12  uninjured class members. Any such argument would be frivolous here because Plaintiff's expert

13  calculates damages to the penny *for each class member* using State Farm's transactional data

14  specific to each class member's policy, and, moreover, identifies positive damages suffered by

15  each class member. *See* Witt Dec. (Dkt. 72), Ex. N (identifying the lost Account Value for each

16  policy in the Class); Dkt. 67 at 26-27 (citing Witt Dec. (Dkt. 72), ¶¶ 46-58). As it did in companion

17  litigation in Missouri and California, State Farm produced transactional data for each policy in the

18  Washington class showing the premiums the policy owner deposited into his or her Account Value,

19  the Monthly Deductions State Farm took, the interest accrued at the Policy-provided interest rate,

20  and every other transaction that affected the Policy's Account Value. To calculate damages

21  resulting from State Farm's use of unlisted factors to determine the Policy's COI rates, Witt re-

22  calculates each class member's Account Value using the Policy-provided formula for calculating

23  the Account Value and the policy-transactional activity for each policy in the Class as it actually

24  occurred, but removes the allegedly unauthorized loads from the COI rates State Farm used. *See*

25  Dkt. 67 at 26-27 (citing Witt Dec. (Dkt. 72), ¶¶ 46-58). Accordingly, because Plaintiff does not

26  use representative evidence to calculate damages, and Witt's damages methodology calculates

    each class member's individual damages, *Olean's* discussion regarding representative evidence

---

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

masking uninjured class members is inapposite.

*Second*, State Farm's contention that *Olean* supports its challenge to predominance related to the interpretation of its form Policy (Dkt. 119 at 2-3) likewise fails. State Farm contends the evidence it has presented—regarding what it claims policy owners were told about the Policy during sales presentations and how policy owners may have subjectively understood the Policy—supports State Farm's interpretation of the Policy and refutes Plaintiff's contention that the Policy will have a common interpretation for all class members. Dkt. 83 at 21-25. Conversely, Plaintiff argues that none of the evidence State Farm has presented is relevant to the issue of the interpretation of a form non-negotiated insurance policy under Washington law. Dkt. 67 at 29-32; Dkt. 110 at 1-3. The parties have thus presented legal arguments that the Court has been asked to resolve now in its determination of whether the interpretation of the Policy will be the same for all policy owners. Plaintiff has not asked this Court to leave the resolution of predominance to the jury in this or any other respect. Moreover, State Farm's argument that *Olean* is relevant here because Plaintiff has not presented evidence regarding policy owners' subjective understandings of the Policy (Dkt. 119 at 3) *assumes* State Farm is correct about Washington law and what evidence is relevant thereunder to interpret State Farm's form non-negotiated Policy. *Olean* has nothing to say about legal challenges regarding the interpretation of a contract and whether a single interpretation will apply to a class of consumers; arguing otherwise is spurious.

Likewise, State Farm assumes it is correct that Plaintiff's WCPA claim cannot be resolved with class-wide evidence for its contention that Plaintiff has presented no evidence to show that common issues would predominate on that claim. Dkt. 119 at 2-3. To the contrary, Plaintiff contends as a legal matter that the Class is entitled to a presumption of reliance on State Farm's failure to disclose in its Policy that it would load unlisted factors in the Policy's COI rates. Plaintiff further contends that whether policy owners paid higher COI charges than they would have paid if State Farm had not included unlisted factors in the COI rates is likewise subject to common proof because State Farm's policy owners were subject to the same sets of loaded COI rates. Dkt. 110 at 8-9. *Olean* does not purport to change Washington law on the standard for proving a WCPA

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

claim, and State Farm has not identified a factual dispute that, if State Farm prevailed, would defeat predominance on this claim. Therefore, *Olean* is likewise inapposite on this issue.

*Third*, State Farm does not contend *Olean* has any bearing on State Farm's other challenges to the Rule 23 requirements—in particular, its contentions that there are intra-class conflicts and its challenges to Mr. Whitman's typicality and adequacy. *See* Dkt. 83 at 27-29, 33-35. *Olean* does not discuss these elements.

## B. *Olean* has no bearing on State Farm's challenges to the reliability and admissibility of Witt's damages methodology.

State Farm recycles three previously raised challenges to Witt's use of State Farm's pricing mortality rates to calculate damages, but none of these challenges go to issues addressed by *Olean*. *First*, State Farm contends that because its pricing mortality rates are "unpooled"—that is, they assign different rates depending on how long it has been since a policy was issued (Dkt. 83 at 30-31; Dkt. 67 at 17)—and its actual COI rates are "pooled"—that is, they indisputably do not differentiate by how long it has been since a policy was issued—that, as a legal matter, the pricing mortality rates cannot be used as a point of comparison to the actual COI rates to identify the non-mortality loads. Dkt. 83 at 30-31; Dkt. 119 at 5-6. *Second*, State Farm contends Witt's use of State Farm's pricing mortality rates is also inappropriate because those rates are "blended" for tobacco use (Dkt. 67 at 20 n.11), whereas State Farm's actual COI rates differentiate by tobacco use (they are "tobacco-distinct"). Dkt. 83 at 30-31; Dkt. 119 at 5-6.

Notably, as explained in Plaintiff's Reply, both arguments regarding lack of fit with Plaintiff's theory of liability[2] were rejected as a legal matter by the *Vogt* and *Bally* courts. *See* Dkt. 110 at 10-

---

[2] Latching onto inapposite language in *Olean*, State Farm now characterizes this "fit" argument also as a failure to isolate the "but-for" effect of State Farm's breaches (*see* Dkt. 119 at 2, 4, 8). State Farm previously limited its "but-for" argument to its contention that Witt should have incorporated speculative behavioral changes policy owners or State Farm may have made if State Farm had complied with the Policy from the outset, *see* Dkt. 83 at 33. But *Olean* created no new law on measuring damages for anti-trust violations, much less for breach of contract. *Olean* merely noted that it has long been the case that plaintiffs may rely on representative evidence to establish "anti-trust impact," which "often requires comparing the actual world with a 'hypothetical' world that would have existed 'but for' the defendant's unlawful activities." 2021 WL 1257845, at *7. *Olean* has no bearing on whether Witt's model reliably measures policy owners' damages from State Farm's repeated breaches of the Policy. On this same note, *Olean* has nothing to say about whether Witt, in measuring past damages, was required to ensure that rates that complied with the Policy State Farm drafted would satisfy regulatory or actuarial requirements. *See* Dkt. 119 at 7.

---

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

11 (citing *Vogt* and *Bally* courts holdings that (1) by referencing "policy year," the Policy's COI rates provision incorporates a duration component, and (2) the COI rates provision does not identify tobacco use as a mortality factor on which rates will be differentiated)). State Farm does not even address the *Vogt* and *Bally* courts' legal determinations in this regard. And State Farm's continued insistence that the Court should consider what it actually did in determining the Policy's COI rates (*i.e.*, its use of pooled, tobacco-distinct COI rates) in support of its contention that Witt is not properly measuring damages caused by State Farm's alleged breaches of the COI rates provision—as opposed to what the Policy *actually says* regarding policy duration and tobacco use—should be rejected. State Farm is alleged to have *violated* the COI rates provision of the Policy. Its own unlawful conduct[3] is not evidence that Witt is calculating damages caused by that unlawful conduct incorrectly. In any event, regardless of whether this Court joins the *Vogt* and *Bally* courts in their determination of what the Policy requires as to policy duration or tobacco use, the issue of what rates are the correct rates for purposes of identifying the unauthorized loads will be answered the same way for each class member, and therefore has no bearing on the predominance inquiry. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ("a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof," and common questions predominate when they "are more prevalent or important than the non-common, aggregation-defeating, individual issues").

Furthermore, Plaintiff explained in his opening brief why State Farm should ultimately be collaterally estopped from disputing *as a factual matter* whether its pricing mortality rates reflect its mortality expectations for the Policy determined using the Policy-enumerated factors to which it added loads for expenses and profits because the *Vogt* jury made this finding. Dkt. 67 at 17-20;

---

[3] State Farm's contention that Plaintiff's theory of liability does not contest State Farm's failure to use policy year (duration) in its determination of the COI rates (Dkt. 119 at 7) is false. *See, e.g.*, Dkt. 38 (Compl.), ¶¶ 32-35 (alleging policy year is a mortality factor identified in the COI rates provision). And Plaintiff agrees with State Farm that the "differential treatment of duration matters." Dkt. 119 at 7 n.5. State Farm's failure to include a duration component in its COI rates caused its improper profit considerations to be front-loaded into the earlier years of each policy owners' policy. *See* Witt Dec. (Dkt. 72), Ex. F (Phipps Tr.), 57:7-61:3.

---

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*e.g.*, *Vogt*, 963 F.3d at 768 ("Although time and again throughout this appeal State Farm reaffirms its reluctance to accept the jury's finding on this point, the fact remains that the jury concluded State Farm did not pool its mortality rates and any argument premised on pooling must fail."). But State Farm does not even make a factual challenge as to whether it determined loads in COI rates relative to those pricing mortality rates, at least not as it relates to Plaintiff's request for certification of the Class. In fact, State Farm confirms in its supplemental brief that the *only* challenges it is raising as to Witt's use of State Farm's pricing mortality rates to measure damages are legal, not factual. Dkt. 119 at 6, 9.[4] Therefore, the *Olean* court's statement that the district court is required to resolve factual disputes that go to the presence of uninjured class members (2021 WL 1257845, at *10-11) cannot be extended to a contention that this Court must resolve as a matter of fact which rates are State Farm's mortality rates for the Policy where State Farm does not even dispute that its pricing mortality rates are those very rates.

*Third*, State Farm argues that its pricing mortality rates must be the wrong unloaded rates with which to measure damages because in rare instances they are higher than State Farm's actual COI rates. Dkt. 83 at 31; Dkt. 119 at 8. As noted in Plaintiff's opening brief, the *Vogt* and *Bally* courts both rejected this argument as identifying a flaw in Witt's methodology. Dkt. 67 at 27-28. As the Eighth Circuit recognized, this argument is at bottom a defense for an offset—in other words, that State Farm should get a credit against a class member's overcharges when the COI rate it actually charged did not contain amounts in excess of its pricing mortality rate. *Vogt*, 963 F.3d at 770. In any event, like State Farm's challenges premised on pooling and tobacco, its offset defense is not

---

[4] However, State Farm does cynically attempt to muddle this issue. To be certain, Plaintiff *does not dispute* that State Farm's COI rates were pooled and tobacco distinct. Thus, contrary to State Farm's contention that "[t]he Court will need to resolve the underlying dispute about whether State Farm differentiated for tobacco use," Dkt. 119 at 6 n.4, there is no such dispute here. State Farm does not dispute that its pricing mortality rates were unpooled and tobacco-blended and Plaintiff does not dispute that State Farm's actual COI rates were pooled and tobacco distinct. The dispute here is one of law—whether Witt's use of unpooled, tobacco-blended mortality rates to measure damages from State Farm's failure to determine rates from only the mortality factors identified in the Policy's COI rates provision is appropriate where State Farm identified the pricing mortality rates as its mortality expectations for the Policy to which it added its profit and expense loads (*see* Dkt. 67 at 29; Witt Dec. (Dkt. 72), Ex. G (N.J. Actuarial Memo.) at 3, 5) and where the Policy's COI rates provision identifies policy year as a factor affecting the COI rates (requiring that they be unpooled) and does not identify tobacco usage as a mortality factor or determinant of rate class (*see* Dkt. 110 at 10-11 & n.9).

---

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

premised on any factual disputes, and whether State Farm is entitled to such an offset will be resolved as a legal matter, one way or the other, on a class wide basis.[5] Therefore, *Olean* is likewise inapposite to this challenge to Witt's model.[6]

**C. Witt's methodology does not mask uninjured class members.**

State Farm argues that if one or more of its challenges to Witt's use of State Farm's pricing mortality rates to measure damages prevails, some class members would be "unharmed," and thus would lack Article III standing. Dkt. 83 at 31; Dkt. 119 at 9-10. As an initial matter, State Farm's contention that class members found to have no *net* damages if any of State Farm's defenses prevail would lack standing should be rejected because it conflates a failure on the merits with a lack of standing to sue. The Eighth Circuit rejected this same argument by State Farm in *Vogt* where the jury accepted State Farm's offset defense, resulting in 29 class members out of a class of nearly 24,000 having no net damages. *Vogt*, 963 F.3d at 766-67 (holding class members who ultimately failed to prove net damages even though they suffered one or more COI overcharges had standing to sue, stating "a failure on the merits does not affect a class member's individual standing").

Therefore, the *Olean* court's holding that more than a *de minimis* number of uninjured class

---

[5] State Farm also makes a fourth challenge to Witt's use of State Farm's pricing mortality rates for the first time in its supplemental brief, contending the pricing mortality rates are just "death percentage 'rates'" not "rates" that could serve as "COI rates" that "can be multiplied and converted into dollars as cost of insurance charges to policyholders." Dkt. 119 at 5-6 & n.3, 8. The Court should not consider this new argument raised for the first time in State Farm's supplemental brief that does not even purport to rely on *Olean*. But if the Court considers it, it should be rejected as folly. As an initial matter, the "cost" of insurance as identified here is in the context of a Policy insuring a life. It is the cost associated with the risk that the insured will die. That the relevant language identifies COI rates as being determined by mortality factors is consistent with Plaintiff's interpretation of the Policy that the COI charge is intended to compensate State Farm for its expense related to mortality risk. It is likewise consistent that the COI charge would be calculated by multiplying a mortality rate (as priced into the Policy) by the amount of its own funds State Farm is at risk of paying if the insured were to die. *See* Dkt. 67 at 4 (describing concept of net amount at risk). State Farm's own actuary and employee offered as an expert in the *Vogt* case confirmed that the "mortality expense" for the Policy is determined by taking the "mortality assumption" "on a number of lives per thousand" multiplied by the amount "that would be paid out in the event of the insured's death;" and, more specifically, that it is calculated by multiplying the specific pricing mortality rate for this Policy (used by Witt) by the coverage amount. Witt Dec. (Dkt. 72), Ex. E (Streily Tr.), 178:5-181:13. As such, Plaintiff has not improperly conflated different meanings of "rate" as State Farm contends. Witt has appropriately quantified damages from unauthorized loads by applying the pricing mortality rates State Farm determined using the Policy-enumerated factors.

[6] *Olean* also has no bearing on State Farm's contention that if State Farm charged its pricing mortality rates going forward, some class members would be subject to higher rates. *See* Dkt. 119 at 10. As explained in Plaintiff's prior briefing, no class member is harmed by State Farm being prohibited from charging rates that include non-mortality loads, and the injunction Plaintiff seeks does not request or require State Farm to raise rates on any policy owner. Instead, it merely requires State Farm to stop charging unauthorized loaded rates. *See* Dkt. 67 at 17; Dkt. 110 at 11.

---

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

members may prevent class certification (a holding that merely restated established Ninth Circuit law on this point in any event), *see* 2021 WL 1257845, at *11 & n.12 (citing *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1136 (9th Cir. 2016)), does not even apply to this case where Plaintiff seeks damages *for every member* of the Class. State Farm's further contention that policy owners that are *not part* of the proposed Class lack injury (Dkt. 119 at 9)[7] supports Plaintiff's argument that *Olean* is inapposite here. *Olean* permits a *de minimis* number of uninjured class members to be present in a class. It nowhere suggests that identifiable individuals who were not subject to the alleged improper conduct and are therefore not injured may not be *excluded* from a class as Plaintiff proposes here. Notably, State Farm did not challenge the exclusion of such individuals from the Class in its opposition brief, nor does it challenge their exclusion now.

In any event, *Olean's* concern with the presence of uninjured class members is that they may be *masked*, requiring individualized proceedings to determine who they are. No such concern is present here because any such class members whose claims fail on the merits because one or more of State Farm's defenses prevails will, as explained below, be specifically identifiable. That is what occurred in *Vogt* when State Farm prevailed on its offset defense. The 29 class members who suffered no net loss after the offset was applied were specifically identified and took nothing from the judgment, alleviating the only arguable concern regarding the presence of class members' whose claims fail on the merits. *Cf. Tyson Foods*, 577 U.S. at 462, 464-66 (Roberts, C.J., concurring) (concurring in affirmance of certification of a class when it was "undisputed that hundreds of class members suffered no injury," stating that the relevant question is: "which ones?" such that there is "a means of distributing the aggregate award only to injured class members").

Here, even if State Farm prevails on one or more of these challenges, Witt's model will identify the class members who have no net damages; none will be masked requiring individual follow-on proceedings undermining predominance. If State Farm prevails on its contentions that the rates used to calculate damages should be pooled and/or tobacco-distinct, Witt can input pooled

---

[7] State Farm is referring here to Plaintiff's proposed exclusion of "policies that insured males with an issue age of zero and terminated in the first policy year." Dkt. 67 at 7 n.3. Plaintiff does not dispute that owners of such policies were not subject to State Farm's loaded COI rates, and therefore, have not included them in the proposed Class.

---

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    and/or tobacco-distinct mortality rates[8] into his model and calculate damages using the same

2    policy-level transactional data and Policy-provided formula for calculating Account Values. *See*

3    Witt Dec. (Dkt. 72), ¶ 40. Likewise, if State Farm prevails on its offset defense, Witt will use State

4    Farm's pricing mortality rates to calculate damages in all instances, not just when those pricing

5    mortality rates are lower than State Farm's actual COI rates, just as he did in *Vogt. See id.*, ¶ 59

6    n.15. Under any of these circumstances, each class member's damages will be calculated to the

7    penny using common evidence, satisfying predominance. And, in all instances, any class members

8    for which no net damages results will be identified and will receive a judgment for $0.

9        **D.  The decisions in *Vogt* and *Bally* are likewise not impacted by *Olean*.**

10       For these same reasons, State Farm's attempt to cast doubt on the persuasiveness of *Vogt* and

11   *Bally* should be rejected. *First*, State Farm's contention that those courts did not apply a

12   "preponderance of the evidence" standard (Dkt. 119 at 4) is demonstrably false. *See Bally*, 335

13   F.R.D. at 296 ("Plaintiffs bear the burden of proving, by a preponderance of the evidence, that

14   class certification is appropriate."); *Vogt*, 2018 WL 1955425, at *2 (W.D. Mo. Apr. 24, 2018)

15   ("The burden of showing that the class should be certified is on Vogt"). *Second*, State Farm fails

16   to point to a difference between Eighth Circuit and Ninth Circuit law as set forth by *Olean*. In fact,

17   *Olean* cited Eight Circuit law in support of its statement that the presence of a significant number

18   of uninjured class members prevents certification of a class. *See Olean*, 2021 WL 1257845, at *10

19   (citing *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779 (8th Cir. 2013)). As explained, the

20   Eighth Circuit recognized there were no uninjured class members in *Vogt* even though State

21   Farm's offset defense resulted in 29 class members with no net damages. Notably, State Farm

22   presented the *Olean* decision to the United States Supreme Court in support of its petition for

23   certiorari in that case challenging whether the Missouri class there was properly certified and the

24   Court rejected it, entering its order denying State Farm's petition on April 19, 2021. *See State*

25   *Farm Life Ins. Co. v. Vogt*, Dkt. 20-1008 (U.S. Apr. 19, 2021).

26

---

[8] Witt would be required to develop such rates because State Farm has never produced pooled or tobacco-distinct mortality rates or otherwise identified any evidence of the existence of such rates. *See* Witt Dec. (Dkt. 72), ¶ 40.

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Third*, State Farm's contention that the *Vogt* and *Bally* courts failed to resolve "all factual and legal disputes relevant to class certification," Dkt. 119 at 4, exposes the frailty of its arguments attempting to cast *Olean* as a game changer in this case. State Farm does not contend this is a new standard created by *Olean*. In fact, *Olean* cites *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) for the proposition that factual and legal disputes related to certification should be resolved before a class is certified. *See Olean*, 2021 WL 1257845, at *4. Likewise, *Olean* does not suggest that a court must resolve *all* factual and legal disputes—only those that are relevant to whether the requirements for class certification are met. State Farm does not identify any legal disputes that bore on class certification in *Vogt* and *Bally* that the courts there failed to resolve. And the only factual dispute State Farm claims those courts failed to resolve was "State Farm's criticisms of Plaintiff's damages model," Dkt. 119 at 4, but, as explained, those courts concluded those criticisms did not indicate the requirements for class certification were not satisfied. And *Olean* holds only that factual disputes as to whether the plaintiffs' damages model is masking the presence of uninjured class members must be resolved. As explained, Witt's methodology—the same one he used in *Vogt* and *Bally*—presents no such concern.

\*          \*          \*

Thus, for all of these reasons, *Olean* is inapposite here, and the Court should certify the Class as requested in Plaintiff's motion for class certification.

Dated: April 23, 2021                  TOUSLEY BRAIN STEPHENS PLLC

By: *s/ Kim D. Stephens*
    Kim D. Stephens, P.S. WSBA #11984

By: *s/ Rebecca L. Solomon*
    Rebecca L. Solomon, WSBA #51520

1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Tel:        206.682.5600/Fax: 206.682.2992
Email:      kstephens@tousley.com
            rsolomon@tousley.com

PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF
REGARDING NEW NINTH CIRCUIT DECISION –
NO. 3:19-CV-06025-BJR - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Norman E. Siegel (*admitted pro hac vice*)
siegel@stuevesiegel.com
Lindsay Todd Perkins (*admitted pro hac vice*)
perkins@stuevesiegel.com
Ethan Lange (*admitted pro hac vice*)
lange@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:       816-714-7100
Fax:      816-714-7101

John J. Schirger (*admitted pro hac vice*)
jschirger@millerschirger.com
Matthew W. Lytle (*admitted pro hac vice*)
mlytle@millerschirger.com
Joseph M. Feierabend (*admitted pro hac vice*)
jfeierabend@millerschirger.com
MILLER SCHIRGER, LLC
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel:       816-561-6500
Fax:      816-561-6501

Stephen R. Basser (*admitted pro hac vice*)
sbasser@barrack.com
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Tel:       619-230-0800
Fax:      619-230-1874

Joseph Gentile
joseph@sarrafgentile.com
Ronen Sarraf
ronen@sarrafgentile.com
SARRAF GENTILE LLP
14 Bond Street #212
Great Neck, NY 11021
Tel:       516-699-8890
Fax:      516-699-8968

***Attorneys for Plaintiff, William T. Whitman***

4847-6362-8006, v. 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992