The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM T. WHITMAN,<br>Individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br>an Illinois corporation<br><br>Defendant. | Civil Action No. 3:19-cv-6025-BJR<br><br>**ORDER GRANTING MOTION TO STAY CLASS NOTICE** |

## I. INTRODUCTION

Plaintiff William T. Whitman brings this class action against Defendant State Farm Life Insurance Company ("State Farm"), challenging the insurance company's implementation of its Form 94030 Universal Life Insurance Policy. Currently before the Court is State Farm's motion to stay dissemination of the class notice until its Rule 23(f) petition (and any subsequent appeal) to the Ninth Circuit is resolved. Dkt No. 130. Having reviewed the motion and opposition thereto, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On September 20, 2021, this Court granted Plaintiff's motion for class certification. Dkt. No. 125. On October 4, 2021, State Farm filed a Rule 23(f) petition with the Ninth Circuit seeking review of the class certification order. *See Whitman v. State Farm Life Ins. Co.*, No. 21-80104 (9th Cir. Oct. 4, 2021), ECF No. 1. One day later, on October 5, 2021, Plaintiff filed a motion to approve and disseminate class notice. Dkt. No. 127. State Farm now seeks to stay dissemination of the class notice until its Rule 23(f) petition has been resolved. Notably, State Farm does not seek to stay the entire case; rather, it only requests that this Court stay distribution of the class notice.

## III.   DISCUSSION

Federal Rule of 23(f) provides a mechanism for interlocutory appeal of a court's order granting or denying class certification. Such appeals do "not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). The decision to grant a stay is an "exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434 (2009). A court must balance four factors in determining how to exercise its discretion: (1) whether the movant is likely to succeed on the merits; (2) whether the movant is likely to suffer irreparable harm in the absence of a stay; (3) whether the issuance of the stay would not substantially harm the nonmoving party; and (4) whether a stay will serve the public interest. *Reyes v. Educ. Credit Mgmt. Corp.*, 2017 WL 4640418, *2 (S.D. Cal. Oct. 17, 2017). The factors are examined on a "flexible continuum" or "sliding scale approach." *Id*. (quoting *Aguayo v. U.S. Bank*, 2015 WL 13344756, at *1 (S.D. Cal. June 26, 2015)). A stay may be appropriate if the party moving for a stay demonstrates that serious legal questions are raised and the balance of hardships tips sharply

in its favor. *Id*. (quoting *Morse v. Servicemaster Global Holdings, Inc*., 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013)).

The Court concludes that staying dissemination of the class notice is warranted in this case. State Farm raises three "serious legal questions" in its Rule 23(f) petition to the Ninth Circuit, including issues related to the appropriate legal standard governing class certification, the insurance company's ability to present individualized defenses on class certification, and the reliability of Plaintiff's expert's damages model. State Farm has also demonstrated that the balance of hardships tips sharply in favor of delaying disseminating the class notice. State Farm argues, and this Court agrees, that sending the notice now risks harm to class members who likely would be confused if the Ninth Circuit reversed this Court's certification decision. *See Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *4-*5 (N.D. Cal. Nov. 15, 2012) (staying dissemination of class notice over concerns about potential class confusion should the notice have to be modified or the class decertified); *Bally v. State Farm Life Ins. Co.*, 2020 WL 3035781, *4 (N.D. Cal. June 5, 2020) (same). The Court is not persuaded by Plaintiff's claim that this potential confusion can be obviated through "curative language" in the notice that informs the class of the appeal. Dkt. No. 133 at 11. If anything, such curative language may add to the potential confusion of the lay class members. *Bally*, 2020 WL 3035781, at *5 (expressing concern that "lay class members will be confused by the posture of the case even if …any notice explains that certification is potentially subject to appeal"); *Brown*, 2012 WL 5818300, at *4 ("a curative notice would not be sufficient" to obviate potential confusion to lay class members).[1] Lastly, and importantly, Plaintiff has not demonstrated that he would be harmed by the stay. This narrowly

---

[1] The Court also finds that staying the class notice serves the public interest because "there is a public interest in avoiding confusion among class members." *Bally*, 2020 WL 3035781, at * 5.

tailored stay will not impact the progress of this litigation because the parties will continue to move forward with fact and expert discovery, dispositive motions, and other pretrial proceedings.[2] Thus, because State Farm has raised serious legal questions in the Rule 23(f) petition and the balance of hardships tips sharply in favor of staying dissemination of the class notice, the Court will grant the motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS State Farm's motion to stay dissemination of the class notice. Dkt. No. 130.

Dated this 8th day of December 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] On the other hand, State Farm claims that it will suffer "serious reputational harm" if the class notice was disseminated and then later rescinded. Dkt. No. 130 at 7.